Cheryl Juanita HEBERT, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–91–00029–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 9, 1992.

Discretionary Review Refused
Nov. 4, 1992.

Wendell A. Odom, Jr., Cynthia Russell Henley, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Scott A. Durfee, Denise Oncken, Asst. Dist. Attys., for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and PRICE[1], JJ.

## OPINION ON MOTION
## FOR REHEARING

MIRABAL, Justice.

On May 28, 1992, we issued our opinion in this appeal affirming appellant's conviction, but reversing and remanding for a new punishment hearing. The State has filed a motion for rehearing. We overrule the State's motion, but withdraw our earlier opinion and substitute this opinion.

On July 24, 1986, a jury found appellant, Cheryl Juanita Hebert, guilty of aggravated sexual assault and assessed punishment at 90–years confinement. On July 12, 1988, appellant's conviction was reversed, and the case was remanded for a new trial. Upon retrial, in September 1990, the jury found appellant guilty of aggravated sexual assault, and the trial court assessed appellant's punishment at life imprisonment. We affirm the conviction and reverse and remand for a new hearing on punishment.

Appellant does not complain about the sufficiency of the evidence to support her conviction; therefore, only a brief statement of the evidence follows:

At 3:30 a.m. on March 29, 1985, appellant and her husband went to complainant's trailer home in LaPorte, Texas. Over the next two hours, appellant and her husband performed various sexual acts with complainant and her seven-year-old son. During the episode, appellant and her husband used and exhibited a knife.

Complainant testified that during the ordeal, either appellant or appellant's husband forced complainant's son to spread his fingers on the bed and then made some sort of gesture toward his hand with the knife. The son testified that appellant's husband spread the child's fingers out on the bed and tried to hit in between them with the knife, but that sometimes he would miss and hit the child's fingers.

The sheets on the bed at the time of the incident were brought to the La Porte police department where they were tagged into evidence. In 1988, the LaPorte Police Department, pursuant to departmental policy, destroyed the sheets and other evidence not introduced into evidence at the first trial.

In March 1985, Sergeant Jacobs interviewed complainant's son about the incident. The interview was videotaped, transcribed into writing, and given to the State. Before the second trial, an investigator with the Harris County District Attorney's Office unsuccessfully attempted to locate the tape.

■ In her first point of error, appellant asserts her constitutional rights to due process were violated when she was tried the second time after the destruction of exculpatory evidence (the bed sheets and the videotaped statement of the child.).

■ The duty to preserve evidence is limited to the evidence that possesses an exculpatory value that was apparent before the evidence was destroyed. *California v.*

---

**1.** The Honorable Frank C. Price, former Justice, First Court of Appeals at Houston, Texas, sitting by assignment.

*Trombetta,* 467 U.S. 479, 488, 104 S.Ct. 2528, 2533, 81 L.Ed.2d 413 (1984). A criminal defendant must show bad faith on the part of the police to establish that failure to preserve potentially useful evidence constitutes a denial of due process. *Arizona v. Youngblood,* 488 U.S. 51, 58, 109 S.Ct. 333, 337, 102 L.Ed.2d 281 (1988); *Penix v. State,* 488 S.W.2d 86, 89 (Tex.Crim.App. 1972). Further, in order to establish a due process claim, a defendant must make some showing that the lost evidence was favorable and material. *United States v. Valenzuela–Bernal,* 458 U.S. 858, 873, 102 S.Ct. 3440, 3449, 73 L.Ed.2d 1193 (1982); *Nastu v. State,* 589 S.W.2d 434, 441 (Tex. Crim.App.1979).

In her brief, appellant acknowledges the bed sheet in question would not have exonerated her. However, she argues *if* it could be examined and *if* it was determined it showed no knife slits, it would tend to cast doubt on the credibility of complainant and her son by calling into question their testimony about a knife being stabbed between the boy's outstretched fingers on the bed.

▪ A showing that the lost evidence *might have been* favorable does not meet the materiality standard. An appellant must make an affirmative showing that the evidence *was* favorable and material. *Gamboa v. State,* 774 S.W.2d 111, 112 (Tex.App.—Fort Worth 1989, pet. ref'd).

In the present case, there was no testimony from any witness about the condition of the bed sheet after the incident. Further, the fact that appellant did not introduce the bed sheet into evidence in the first trial is some indication that the bed sheet was not material or favorable evidence for appellant. Appellant has failed to meet her burden to affirmatively show the bed sheet would have been favorable and material evidence.

▪ Further, appellant did not show that the State destroyed the bed sheet in bad faith. The record is devoid of any indication the State was aware the bed sheet was potentially exculpatory. The record shows the LaPorte Police Department destroyed the evidence pursuant to a departmental policy of destroying evidence not used in a trial after three years. *See Youngblood,* 488 U.S. at 58, 109 S.Ct. at 337 (defendant's right to due process not violated where police did not act in bad faith in failing to refrigerate clothing associated with rape for future chemical analysis). A showing of negligence on the part of the police or the government is not equivalent to bad faith. *Saldana v. State,* 783 S.W.2d 22, 23 (Tex.App.—Austin 1990, no pet.); *United States v. Kennedy,* 714 F.2d 968, 975 (9th Cir.1983).

Regarding appellant's complaint about the loss of the videotape, the record is devoid of any facts showing bad faith on the part of the State. Further, appellant had comparable evidence in the written transcription of the tape, the child's prior trial testimony, and both the child and the officer who took the statement were available for questioning on the circumstances and substance of the statement. *See Trombetta,* 467 U.S. at 488, 104 S.Ct. at 2533; *Agar v. United States,* 493 U.S. 982, 110 S.Ct. 515, 107 L.Ed.2d 516 (1989) (where tape of conversation lost, no violation because defendant had access to written summaries of the tape).

Additionally, appellant has not shown the videotape was in any way exculpatory, favorable, or material. We note that at the hearing on appellant's motion for new trial, in apparent reference to her claim of ineffective assistance of counsel, appellant stated "I had the video statement of [the boy] which the State alleges was destroyed, and then the State was informed of this by my attorney," indicating appellant actually had the video tape in her possession.

We hold appellant has failed to satisfy her burden of proof on this issue. We overrule appellant's first point of error.

▪ In her fourth point of error, appellant asserts the trial court reversibly erred in denying her the right to testify during the punishment phase.

Appellant elected the judge to assess her punishment. The court ordered preparation of a presentence investigation (PSI) report. At the sentencing hearing, appel-

lant called three witnesses to testify regarding her character and their feelings about her punishment. Appellant's attorney then notified the court that "over my advice, Mrs. Hebert wishes to testify," to which the court replied, "I don't care to hear from Mrs. Hebert." Appellant then asked, "Isn't it my constitutional right to—," and the court replied, "No ma'am, it is not."

At the hearing on her motion for new trial, appellant argued that one of the reversible errors committed at trial was, "I was not allowed to testify and I wanted to testify. And I think that's my constitutional right to testify in my trial." Appellant's pro se written motion for new trial also asserted this as grounds for granting a new trial on punishment.

■ The determination of admissibility of evidence is within the sound discretion of the trial court, *Jackson v. State*, 575 S.W.2d 567, 570 (Tex.Crim.App. [Panel Op.] 1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State*, 711 S.W.2d 639, 643 (Tex. Crim.App.1986); *Nubine v. State*, 721 S.W.2d 430, 432 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Abuse of discretion does not imply intentional wrong or bad faith, or misconduct, but means only an erroneous conclusion. *Webb v. State*, 684 S.W.2d 800, 802 (Tex.App.—Fort Worth 1985, no pet.).

The Texas Constitution states that "In all criminal prosecutions the accused shall have ... the right of being heard by himself or counsel, or both...." in article I, section 10. Further, article 38.08 of the Code of Criminal Procedure states that "any defendant in a criminal action *shall* be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause." TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979) (emphasis added). The Supreme Court of the United States has acknowledged that an accused has the right to testify based on the due process clause of the fourteenth amendment and the fifth and sixth amendments of the United States Constitution. *Rock v. Arkansas*, 483 U.S. 44, 49, 107 S.Ct. 2704, 2708, 97 L.Ed.2d 37 (1987).

Appellant had the right to testify. She made it clear to the court that she wished to exercise that right. While counsel does make most of the trial decisions, the decision about whether the defendant testifies is one that must be left to the defendant. Counsel can advise on the advantages and disadvantages, but the defendant must make the ultimate decision. *Sapata v. State*, 574 S.W.2d 770, 771 (Tex.Crim.App. 1978).

We hold that when the trial court refused to allow appellant to testify, it abused its discretion and committed reversible error. We sustain point of error four.

The discussion of the remaining points of error does not meet the criteria for publication. TEX.R.APP.P. 90. It is thus ordered not published.

We affirm the portion of the judgment adjudging appellant guilty, but reverse that portion of the judgment assessing punishment and remand for a new punishment hearing consistent with this opinion.