**Steven PADY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 01–94–00983–CR to 01–94–00986–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 5, 1995.

Barry L. Jones, Houston, for appellant.

John B. Holmes, Jr., Calvin A. Hartmann, Hans Nielsen, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and MIRABAL and WILSON, JJ.

## OPINION

WILSON, Justice.

The issue presented by this case is the scope of a punishment hearing after an appellant pleads guilty and a presentence investigation (PSI) is ordered. We reverse and remand for a new punishment hearing.

Appellant, Steven Keith Pady, pled guilty to four charges of aggravated sexual assault and requested the trial court to conduct a PSI. The trial judge ordered a PSI, and a punishment hearing was held. At the hearing, appellant's counsel indicated that he wished to put on some evidence:

[Defense Counsel]: Your Honor, I'm going to want to put on some testimony.

[The Court]: You're not entitled to put on testimony. You can certainly correct anything you may feel like is insufficient to make the pre-sentence report more available, but I'm not going to listen to any testimony.

Defense counsel also stated to the court that he wished to make a bill of exceptions to reflect the content of the testimony he was not allowed to put on. The trial court refused to allow defense counsel to make a bill of exceptions.

[Defense Counsel]: With regards to the Bill of Exceptions, what is the Court telling me in that regard? I'd like to put on some testimony from Mr. Pady which I understand I have a right to do in the punishment phase of a trial.

[The Court]: Well, I think your understanding is incorrect. Once you've proceeded to plead it and ask that a presentence investigation be conducted to assist the Court in making further findings in assessment of punishment, you're not entitled as a matter of law to put on any evidence. You are entitled as a matter of law to correct any discrepancies that you feel there are in the pre-sentence report. And as I understand the law, that's the extent to which you're entitled to put on evidence, unless the Court in its discretion allows otherwise. And I'm not and never have allowed testimony.

. . . .

[Defense Counsel]: Note my exception. Thank you, Judge.

In four related points of error, appellant contends the trial court erred by refusing to allow him to testify during the punishment phase of the trial.

The trial court was apparently relying on section nine of the community supervision statute which provides:

(a) Except as provided by Subsection (g) of this section, before the imposition of sentence by a judge in a felony case ... the judge shall direct a supervision officer to report to the judge in writing on the circumstances of the offense with which the defendant is charged, the amount of restitution necessary to adequately compensate a victim of the offense, the criminal and social history of the defendant, and any other information relating to the defendant or the offense requested by the judge. It is not necessary that the report contain a sentencing recommendation, but the report must contain a proposed client supervision plan describing programs and sanctions that the community supervision and corrections department would provide the defendant if the judge suspended the imposition of the sentence or granted deferred adjudication.

(d) Before sentencing a defendant, the judge shall permit the defendant or his counsel to read the presentence report. (e) *The judge **shall** allow the defendant or his attorney to comment on the report and, **with the approval** of the judge, introduce testimony or other information alleging a factual inaccuracy in the report.* TEX.CODE CRIM.PROC.ANN. art. 42.12, § 9(a), (d), (e) (Vernon Supp.1995) (emphasis added).

 We do not agree with the trial court's interpretation of the above-referenced statute. The statute provides that the judge "shall" allow the defendant to comment on the report; however, approval of the court is required before the defendant may introduce evidence challenging the accuracy of the report. Nothing in this statute abridges the appellant's right to take the stand and present additional evidence to mitigate punishment. We believe that this interpretation of the statute is consistent with other statutory, constitutional, and case law authorities.

Article 37.07 describes the procedure to be followed at punishment hearings and provides in part:

(a) Regardless of the plea and whether the punishment may be assessed by the judge or the jury, *evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing,* including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, notwithstanding Rules 404 and 405, Texas Rules of Criminal Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

(d) When the judge assesses the punishment, he may order an investigative report as contemplated in Section 9 of Article 42.12 of this code *and after considering the report, **and** after the hearing of the evidence hereinabove provided for,* he shall forthwith announce his decision in open court as to the punishment to be assessed.

TEX.CODE CRIM.PROC.ANN. art. 37.07, § 3(a), (d) (Vernon Supp.1995) (emphasis added).

 The court of criminal appeals has held that article 37.07 requires the trial court to afford a defendant the opportunity to present evidence regarding punishment after it has found the particular defendant guilty. *Borders v. State,* 846 S.W.2d 834, 835 (Tex. Crim.App.1992). Furthermore, article 37.07 provides that, if a PSI is ordered, the trial court will consider the PSI **and** the evidence adduced at the punishment hearing before assessing punishment. TEX.CODE CRIM.PROC. ANN. art. 37.07(d) (Vernon Supp.1995).

Additionally, article 38.08 provides:

Any defendant in a criminal action **shall be permitted to testify** in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel in the cause.

TEX.CODE CRIM.PROC.ANN. art. 38.08 (Vernon 1979) (emphasis added). Article 38.08 applies not only at the guilt phase of the trial, but also at the punishment phase of the trial. *See Brown v. State,* 617 S.W.2d 234, 236–37 (Tex.Crim.App.1981). We do not believe that the legislature intended to abrogate a defendant's right to testify in his own behalf at the punishment phase of the trial by providing for the use of PSIs.

In *Hebert v. State,* 836 S.W.2d 252, 254–55 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd), this Court considered a factually similar case. In *Hebert,* the appellant elected to have the court assess punishment, and the court ordered a PSI. *Id.* at 254. At the punishment hearing, the appellant called three witnesses to testify about her character. Appellant's attorney then notified the court that, over his advice, appellant wished to testify," to which the court replied, "I don't care to hear from Mrs. Hebert." Appellant asked the court, "Isn't it my constitution right to—," and the court responded, "No ma'am, it is not." *Id.* at 255.

Without discussing the provision of the community supervision statute relied on by the State in the present case, this Court held that Hebert had a constitutional and statutory right to take the stand and present testimony at the punishment phase of her trial, and remanded the case for a new hearing on punishment. *Id.* at 255.

The State argues that this case is different from *Hebert* because in this case appellant's counsel informed the judge that appellant wished to take the stand, while in *Hebert* the defendant herself asserted her right. We fail to see the distinction. Defense counsel's job was to speak for his client, which he did.

We find that the trial court abused its discretion when it refused to allow appellant to take the stand during the punishment phase of the trial. Therefore, we reverse the judgment and remand for a new hearing on punishment.