Jerry Lee Duffing v. State















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-163-CR
No. 10-01-164-CR
No. 10-01-165-CR

     JERRY LEE DUFFING,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 52nd District Court
Coryell County, Texas
Trial Court Nos. FO-00-15,749, FO-00-15,751 and FO-00-15,785
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury convicted Jerry Lee Duffing of manslaughter, endangering a child, and failure to stop
and render aid. The jury sentenced him to nineteen years’ imprisonment for manslaughter; one
year’s imprisonment for endangering a child; and five years’ imprisonment for failure to stop and
render aid. On appeal, Duffing argues: 1) the evidence is legally and factually insufficient to
support the conviction for manslaughter; 2) the evidence is legally and factually insufficient to
support the conviction for endangering a child; and 3) the trial court erred in refusing to grant a
mistrial after the State commented on his failure to testify.
BACKGROUND
      In the early evening of August 1, 2000, Duffing was driving a green van through an HEB
grocery store parking lot. Passengers in the van were Pat Sanchez, Rodrigo Garza (a minor
child), and Cecilia Garza (the child’s mother). After dropping Cecilia off at the door, Duffing
circled the parking lot in the van. As Duffing drove through the lot, Rodrigo was standing in
Duffing’s lap as if he were driving the vehicle. Duffing turned the wrong way down an aisle of
parked cars, and struck Patricia Fix. He left the scene without stopping. Mrs. Fix died later that
day as a result of her injuries. Duffing was apprehended at his home about four hours after he left
the scene.
STANDARDS OF REVIEW
Legal Sufficiency Standard
      In reviewing a legal sufficiency challenge, we view all the evidence in the light most favorable
to the verdict and determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. See Lane v. State, 933 S.W.2d 504, 507 (Tex.
Crim. App. 1996); Quinton v. State, 56 S.W.3d 633, 641 (Tex. App.—Waco 2001, no pet.).
Factual Sufficiency Standard
      In reviewing a challenge to the factual sufficiency of the evidence, we must view all the
evidence without the prism of the “in the light most favorable to the prosecution” construct. See
Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996); Perkins v. State, 19 S.W.3d 854,
855 (Tex. App.—Waco 2000, pet. ref'd). This court “asks whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously
weak as to undermine confidence in the jury’s determination, or the proof of guilt, although
adequate if taken alone, is greatly outweighed by contrary proof.” Johnson v. State, 23 S.W.3d
1, 11 (Tex. Crim. App. 2000); see also Goodman v. State, 66 S.W.3d 283, 285 (Tex. Crim. App.
2001).
MANSLAUGHTER
      In points one and two, Duffing argues that the evidence is legally and factually insufficient
to support his manslaughter conviction. Specifically, he argues that the evidence is insufficient
to prove that he failed to control his speed. The manslaughter indictment alleges that Duffing “did
then recklessly cause the death of an individual, namely, Patricia Florence Fix, by failing to
control the speed of his vehicle while driving said motor vehicle the wrong direction in the parking
lot of the HEB grocery store.”
      When an indictment alleges alternative means for the commission of an offense, the conviction
will stand if the evidence supports any of the theories alleged. See Rosales v. State, 4 S.W.3d
228, 231 (Tex. Crim. App. 1999); St. Clair v. State, 26 S.W.3d 89, 99 (Tex. App.—Waco 2000,
pet. ref’d). Following Rosales, we view the allegation that Duffing caused Fix’s death “by failing
to control the speed of his vehicle while driving said motor vehicle the wrong direction in the
parking lot” as a conjunctive allegation that he committed the offense by failing to control his
speed and by driving in the wrong direction. Id. Accordingly, the manslaughter conviction will
stand if the evidence supports the jury’s finding that Duffing recklessly caused Fix’s death by: 1)
failing to control the speed of his vehicle; or 2) driving in the wrong direction in the parking lot.
      Duffing, however, challenges the sufficiency of the evidence to support the first alternative
means, namely, failure to control speed, as alleged by the State in the indictment. He does not
challenge the sufficiency of the evidence to show that he was driving in the wrong direction in the
parking lot, the second alternative means alleged. Accordingly, we overrule his first and second
points.
CHILD ENDANGERMENT
      In points three and four, Duffing argues that the evidence is legally and factually insufficient
to support his conviction for endangering a child. Specifically, he argues that the evidence is
insufficient to prove he was intoxicated at the time in question. The indictment alleges that
Duffing “. . . intentionally, knowingly, recklessly, or with criminal negligence, engage[d] in
conduct that . . . [endangered a child], by failing to have the child restrained in a car seat while
the Defendant [Duffing] was operating a motor vehicle while intoxicated.” As discussed earlier
in this opinion, when an indictment alleges alternative means for the commission of an offense,
the conviction will stand if the evidence supports any of the theories alleged. See Rosales, 4
S.W.3d at 231; St. Clair, 26 S.W.3d at 99. Accordingly, the child endangerment conviction will
stand if the evidence supports the finding that Duffing endangered the child by 1) operating a
motor vehicle while failing to restrain the child; or 2) operating a motor vehicle while intoxicated.
      Again, Duffing challenges the sufficiency of the evidence only to one of the alternative
theories offered in the indictment, namely, child endangerment by driving while intoxicated. He
does not challenge the sufficiency of the evidence to show that he failed to restrain the child while
operating a motor vehicle. Accordingly, we overrule his third and fourth points of error. Id.
COMMENT ON FAILURE TO TESTIFY
      In point five, Duffing contends that the trial court erred in refusing to grant a mistrial
following the State’s comment on Duffing’s failure to testify.
      A comment on the accused’s failure to testify violates state and federal privileges against self-incrimination. See Chimney v. State, 6 S.W.3d 681, 702 (Tex. App.—Waco 1999, no pet.). 
Article 38.08 of the Code of Criminal Procedure provides that if the accused invokes his right not
to testify during his trial, it shall not be taken as a circumstance against him, nor shall the same
be alluded to or commented on by the prosecuting attorney. See Chimney, 6 S.W.3d at 702; Tex.
Code Crim. Proc. Ann. art. 38.08 (Vernon 1979). This applies not only at the guilt phase of
the trial, but also at the punishment phase. See Pady v. State, 908 S.W.2d 65, 67 (Tex.
App.—Houston [1st Dist.] 1995, no writ). During the punishment stage, the State’s prosecutor
argued to the jury:
Sure the range of punishment is broad, but that’s because of the circumstances. The fact
that the defendant did not testify, you’re not to give weight to. The fact that you heard
no evidence to his contributions, to what he’s added to society rather. . .

At this point, Duffing objected and moved for a mistrial. The court sustained Duffing’s objection,
instructed the jury to disregard the prosecutor’s comment, and denied Duffing’s motion for a
mistrial. 
      As stated recently by the Court of Criminal Appeals, “the . . . presumption that an instruction
[to disregard] generally will not cure comment on the failure of the accused to testify . . . has been
eroded to the point that it applies only to the most blatant examples. Otherwise, the Court has
tended to find the instruction to have force.” Moore v. State, 999 S.W.2d 385, 405 (Tex. Crim.
App. 1999), cert. denied, 503 U.S. 1216 (2000); see also Dinkins v. State, 894 S.W.2d 330, 356
(Tex. Crim. App. 1995). When viewed in context, the prosecutor’s comment merely restated the
instruction that no weight be given to Duffing’s failure to testify. Further, this comment was not
emphasized or repeated in front of the jury. We do not believe that the prosecutor’s comment was
so blatant that it rendered an instruction to disregard ineffective. Id. Accordingly, the court’s
instruction to disregard the comment cured any prejudicial effect of the error. Id. Point of error
five is overruled.
      The judgment is affirmed.
 
                                                                   REX D. DAVIS
                                                                   Chief Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed September 11, 2002
Do not publish
[CR25]