Affirmed and Opinion filed February 13, 2003














Affirmed and Opinion filed February 13,
 2003.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-01251-CR

____________

 

JAMES KEELIN WHITE,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 184th District Court

Harris
 County,
Texas

Trial
Court Cause No. 885,259

 



 

O
P I N I O N

Appellant,
James Keelin White, was charged with the felony
offense of intoxication manslaughter after the car he was driving struck and
killed a bicyclist.  Appellant pleaded
guilty and was sentenced to five years= confinement in accordance with a plea agreement.  In a single point of error, appellant claims
the trial court erred in refusing his pretrial request for a jury instruction
regarding the State=s alleged failure to preserve evidence.  We affirm.

 

 








                                                                        Waiver

We
first consider the State=s argument that appellant waived his right to appeal as part of
his plea agreement.  On November 9,
 2001, appellant
signed a AWaiver of Constitutional Rights, Agreement to Stipulate, and
Judicial Confession,@ a form document expressing appellant=s
intent to enter a guilty plea in exchange for a punishment recommendation from
the State.  This document also states, AI
waive any right of appeal which I may have should the court accept the foregoing
plea bargain agreement between myself and the prosecutor.@  Relying exclusively on this statement, the
State argues that appellant waived any right to appeal.  However, in a case in which the appellant
signed a similar document, the Court of Criminal Appeals recently held that
waiver did not exist because the record contained other evidence that Adirectly
contradicts and rebuts any presumption raised by the terms of the boiler-plate
plea form signed by appellant.@  Alzarka v. State, 90
S.W.3d 321, 324 (Tex. Crim. App.
2002).  Therefore, we examine the record for other
evidence that may contradict appellant=s purported waiver of his right to appeal.

Here,
the same day appellant signed the Waiver, appellant
signed and initialed another form document entitled AAdmonishments
and Judicial Confession.@  Among the written
admonishments appellant initialed to indicate his understanding is the
following (emphasis added):

[I]f the punishment assessed by the Court does not exceed the
punishment recommended by the prosecutor and agreed to by you and your
attorney, the Court must give its permission to you before you may prosecute an
appeal on any matter in this case except for those matters raised by you by
written motion filed prior to trial.








Thus, at
the same time appellant signed a form indicating he had waived his right to
appeal, the trial court admonished him that he could appeal, even
without the trial court=s permission, any matter that was raised in a pretrial motion.  Under these facts, we conclude the court=s
admonishment rebuts whatever presumption was raised by the Aboiler-plate
plea form@ signed by appellant with respect to his right to appeal the
court=s
ruling on a pretrial motion.  See id.  Therefore, we address the merits of appellant=s
appeal.

                                               Request
for Spoliation Instruction

In
his sole point of error, appellant argues that the trial court erred in
refusing his requested instruction on the State=s alleged failure to preserve evidence.  Specifically, appellant claims the State
failed to preserve as evidence the bicycle the complainant was riding when it
was struck by appellant=s car.  Appellant filed a
pretrial request for a special instruction as follows:

[S]hould you believe by a
preponderance of the evidence that the State of Texas had the capacity to preserve the destroyed or nonpreserved bicycle of the complainant, then
you may infer that any subsequent analysis of that evidence would have produced
a result favorable to the defendant.

The
duty to preserve evidence is limited to evidence that possesses an exculpatory
value that was apparent before the evidence was destroyed.  Burke v. State, 930 S.W.2d 230, 236
(Tex. App.CHouston [14th Dist.] 1996, pet. ref=d)
(citing California v. Trombetta, 467 U.S. 479, 489, 104 S.
 Ct. 2528, 2534
(1984)).  Appellant must affirmatively
show that the lost evidence was favorable and material to his defense.  See Hebert v. State, 836 S.W.2d
252, 254 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d).  The only evidence before the trial court
regarding the materiality of the bicycle was an affidavit from appellant=s
counsel stating that appellant=s accident-reconstruction expert Ahas indicated a need to inspect the complainant=s
bicycle.@  Nowhere has appellant demonstrated how an
inspection of the bicycle might have assisted appellant in his defense against
a charge of intoxication manslaughter. 
At best, appellant has shown only that preservation of the bicycle might
have been favorable, which is insufficient to satisfy the requirement of
materiality.  Id.; see also Burke, 930 S.W.2d at 236.








In
addition, failure to preserve potentially useful evidence does not constitute a
denial of due process unless appellant can show bad faith on the part of the
State.  See Burke, 930
S.W.2d at 236; Hebert, 836 S.W.2d at 254.  Appellant has made no showing whatsoever of
bad faith.  At the hearing on pretrial
motions, the prosecutor stated that the bicycle was never tagged as evidence or
taken into police custody, but rather it was transported directly to a tow
lot.  The tow lot took possession of the
bicycle and apparently discarded it. 
Appellant does not dispute the State=s rendition of events, nor does he point to any evidence
suggesting the State acted in bad faith. 
We conclude the trial court did not err in refusing appellant=s
requested instruction.

We
overrule appellant=s sole point of error and affirm the trial court=s
judgment.

 

 

 

 

/s/        Leslie
Brock Yates

Justice

 

 

 

 

Judgment rendered and Opinion filed February 13,
 2003.

Panel consists of Justices Yates,
Anderson, and Frost.

Publish C Tex. R.
App. P. 47.2(b).