Affirmed and Memorandum Opinion filed April 17, 2003









Affirmed
and Memorandum Opinion filed April 17, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00141-CR

____________

 

JOSEPH ANTHONY WHITFIELD,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 339th District Court

Harris County, Texas

Trial
Court Cause No. 872,885

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Joseph Whitfield appeals his conviction for aggravated robbery.  In three issues, appellant challenges the
sufficiency of the evidence, and claims that the police=s
failure to obtain fingerprint evidence from the crime scene violated his
constitutional rights.  We affirm.








The
complainant, Hai Tran, testified that on March 22, 2001, a man approached him
as he was getting out of his Acura SUV and asked him for a glass of water.  Tran brought the man some water, and when
Tran turned to go back inside with the empty glass, the man hit him with a rock.  According to Tran, the man hit him a second
time with the rock, then pulled out a semi-automatic gun, threatened him, and
took his keys.  After the man left in
Tran=s
SUV, Tran called 911.  In both a
photograph lineup and in court, Tran identified appellant as the man who robbed
him.  

Deputy
David Miller of the Harris County Sheriff=s Department responded to the 911 call and questioned Tran at
the scene.  Miller testified that Tran
had several cuts and bruises and was bleeding from a cut in his head.  According to Miller, Tran told him a man
attacked him with a brick, then pulled out a semi-automatic handgun, threatened
Tran, and took Tran=s keys.

Officer
Christian Alonzo of the Harris County Constable=s Office was on patrol near the robbery scene when he stopped
Tran=s
SUV for speeding.  The driver identified
himself as appellant; however, at the time of this stop, the SUV had not yet
been reported stolen.  Officer Alonzo
noticed an ammunition box in the front seat, so he asked the driver to get in
the back of his patrol car while he searched the vehicle.  According to Alonzo, the box was empty and no
weapon was found.








In
his first issue, appellant claims the evidence identifying him as the robber is
factually insufficient.  We conduct a
factual-sufficiency review by asking whether a neutral review of all the
evidence demonstrates the proof of guilt is so obviously weak as to undermine
confidence in the jury=s determination or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11
(Tex. Crim. App. 2000).  The complainant,
Tran, clearly identified appellant as the man who attacked him and stole his
SUV.  Officer Alonzo testified that appellant
was driving Tran=s SUV when Alonzo stopped him for speeding shortly after the
attack, but before the vehicle had been reported stolen.  In his brief, appellant suggests reasons why
Tran=s
and Alonzo=s testimony is not credible.[1]  However, the jury is the sole judge of the
weight and credibility of witnesses= testimony, and we, as a reviewing court, should not
substantially intrude on that role.  See
Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).  We find the evidence supporting appellant=s
guilt is not so weak as to undermine confidence in the jury=s
verdict.

Next,
we consider whether the proof of appellant=s guilt is greatly outweighed by contrary proof.  Appellant presented testimony from his boss,
Pablo Lozano, who said appellant was still at work when the attack was alleged
to have occurred.  Appellant testified
and provided an explanation for why he was driving Tran=s
SUV shortly after that time.  When faced
with conflicting testimony, the jury is the sole judge of the weight and
credibility of that testimony.  Vasquez,
67 S.W.3d at 236.  We cannot say the
evidence relied on by appellant greatly outweighs the proof of appellant=s
guilt.  We overrule appellant=s
first issue.

In
his second issue, appellant claims the evidence is both legally and factually
insufficient to support the jury=s finding that a firearm was used.  In reviewing the legal sufficiency of the
evidence, we examine the evidence in the light most favorable to the
prosecution to determine whether any rational trier of fact could have found
beyond a reasonable doubt that appellant used a firearm.  See Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979). 
Tran clearly testified that appellant pulled out a gun and pointed it at
Tran before taking his keys.  According
to Deputy David Miller, who responded to the scene, Tran told him that his
attacker pointed a gun at him and threatened to kill him if Tran did not give
him the keys.  The only conflicting
evidence appellant points to is Officer Alonzo=s testimony that after stopping appellant for speeding, he
searched the SUV and did not find a gun, although he did see an empty box of
ammunition.  We conclude the evidence is
both legally and factually sufficient to support the finding that appellant
used a firearm.  We overrule appellant=s
second issue.








In
his third issue, appellant claims his right to due process was violated by the
failure of the police to obtain readily available fingerprint evidence.  Specifically, appellant claims the police
violated his constitutional rights by not attempting to lift fingerprints from
(1) the glass used by Tran=s attacker and (2) the stripped SUV after police found it.  The duty to preserve evidence is limited to
evidence that possesses an exculpatory value that was apparent before the
evidence was destroyed.  Burke v.
State, 930 S.W.2d 230, 236 (Tex. App.CHouston [14th Dist.] 1996, pet. ref=d)
(citing California v. Trombetta, 467 U.S. 479, 489, 104 S. Ct. 2528,
2534 (1984)).  Appellant must
affirmatively show that the lost evidence was favorable and material to his
defense.  See Hebert v. State,
836 S.W.2d 252, 254 (Tex. App.CHouston [1st Dist.] 1992, pet. ref=d).  In addition, failure to preserve potentially
useful evidence does not constitute a denial of due process unless appellant
can show bad faith on the part of the State. 
See Burke, 930 S.W.2d at 236; Hebert, 836 S.W.2d at
254.  Here, appellant has not
demonstrated that any fingerprints from the glass would have been favorable to
his defense, nor has he shown that the glass was destroyed or otherwise
unavailable for independent inspection. 
Appellant also failed to present any evidence to suggest the State acted
in bad faith by not attempting to take fingerprints from the glass.  Accordingly, we overrule appellant=s
third issue.

Having
overruled all of appellant=s issues, we affirm the trial court=s
judgment.

 

 

/s/        Leslie
Brock Yates

Justice

 

 

Judgment rendered and Memorandum Opinion
filed April 17, 2003.

Panel consists of Justices Yates, Hudson,
and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).

 











[1]  Specifically,
appellant claims Tran=s testimony is not credible based on (1) Tran=s testimony that it was Abright,@ although the attack occurred around sunset; (2) Tran=s misidentification of the precise name tattooed on
his attacker=s neck; (3) alleged improper influence from a
photospread by which Tran identified appellant as his attacker; and (4) the
alleged existence of Across-race recognition deficit,@ making it difficult for Tran (of Vietnamese descent)
to identify appellant (an African-American).