Opinion issued August 31, 2005











In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00469-CR




CHANDRA MONIQUE THORNTON, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from County Criminal Court at Law No. 4
Harris County, Texas
Trial Court Cause No. 1207976




MEMORANDUM OPINION

            A jury convicted appellant, Chandra Monique Thornton, of the class A
misdemeanor of theft of property valued at more than $500 and less than $1,500, and
the trial court assessed her punishment at one year the Harris County Jail, suspended
for 18 months of community supervision, and a $2,000 fine. We determine: (1)
whether the evidence was legally and factually insufficient to establish the identity
and value of the stolen property; and (2) whether appellant received effective
assistance of counsel at the guilt stage of trial based on trial counsel’s failure to make
a hearsay objection or ask for a jury charge on spoliation. We affirm. 
Legal Sufficiency
          In her first point of error, appellant contends that the evidence was legally
insufficient to prove that she committed theft. Specifically, appellant contends that
this Court may not consider one witness’s hearsay statement to support the verdict
and that the evidence, without considering the statement, is insufficient to support
appellant’s conviction. Moreover, appellant contends that the State failed to prove
what, if any, items were stolen, that the value of the stolen items was more than $500,
and that Christine Malecki owned the items allegedly stolen. 
          We review the legal sufficiency of the evidence by viewing the evidence in the
light most favorable to the verdict to determine if any rational fact finder could have
found the essential elements of the offense beyond a reasonable doubt. King v. State,
29 S.W.3d 556, 562 (Tex. Crim. App. 2000). In a legal sufficiency review, we may
not substitute our own judgment for that of the fact finder. Id. When inadmissible
hearsay is admitted without objection, it is probative and is treated the same as any
other evidence in a sufficiency context. Tex. R. Evid. 802; Chambers v. State, 711
S.W.2d 240, 247 (Tex. Crim. App. 1986). See Wilson v. State, 7 S.W.3d 136, 141
(Tex. Crim. App. 1999). 
          A person commits the offense of theft if she unlawfully appropriates property
with the intent to deprive the owner of property, without the effective consent of the
owner. Tex. Pen. Code Ann. § 31.03(b)(1) (Vernon Supp. 2004-2005). The State
charged appellant with a Class A misdemeanor, so that it had to prove the value of
the stolen property was more than $500, but less than $1500. See Tex. Pen. Code
Ann. § 31.03(e)(3) (Vernon Supp. 2004-2005). On December 5, 2003, appellant was arrested for shoplifting 17 items of
clothing worth approximately $800 from Dillard’s department store. At trial, the
State presented the testimony of Herbert Mitchell, a surveillance camera operator at
Dillard’s. Mitchell testified that he began monitoring appellant with a surveillance
camera when he noticed her gathering many articles of clothing and placing them
over her arm while suspiciously watching store personnel. After appellant took the
merchandise that she had gathered to a different department, Mitchell left the
surveillance room and followed appellant to that department, where he saw her enter
a dressing room with one shopping bag and approximately 10 to 12 articles of
merchandise in her arms. Mitchell stated that when appellant emerged from the
dressing room after less than five minutes, she was carrying two bags, packed full of
clothing, and was carrying nothing in her arms. Mitchell stated that it would have
taken appellant much longer than five minutes to try on 10 to 12 articles of clothing. 
After Mitchell saw appellant leave the dressing room with two full bags and proceed
toward the store’s exit, he called the surveillance room and instructed a camera
operator to summon a police officer to detain appellant. 
          Deputy Thomas Kula responded to the call to detain appellant for shoplifting. 
After viewing the surveillance videotape of appellant, Deputy Kula walked onto the
store floor and observed appellant leaving the building. Appellant passed
approximately 10 cash registers on her way out of the building; she did not stop to
pay for the merchandise at any of the registers. Deputy Kula approached appellant
on the sidewalk outside the store and asked her if she had taken merchandise for
which she had not paid or if she could show a receipt for the merchandise. Appellant
did not produce a receipt. Deputy Kula looked inside appellant’s shopping bags and
noticed some articles of clothing without proof-of-purchase labels affixed, which
indicated to him that the merchandise had been stolen because a proof of purchase
label is placed on the price tag of each item at the time of purchase. The articles of
clothing Deputy Kula found in the bag included three jumpers, three shirt and pant
sets, two shirts, three pairs of pants, two coats, three ties, and socks. These items’
worth totaled $803.93. However, the values of those items alleged in the indictment
that were recovered by Deputy Kula were: two coats—$170.00; three ties—$118.50;
three pair of pants—$257.50; and one jumper—$18.43. The total of these items is
$564.43. Viewing the evidence in the light most favorable to the verdict, the jury could
have reasonably found that appellant appropriated property, by acquiring or otherwise
exercising control, with the intent to deprive the owner of the property, and that the
value of the property was more than $500 and less than $1500. 
          Appellant has insufficiently briefed her contention that the State failed to prove
Malecki owned the items. See Tex. R. App. P. 33.1.
          We overrule appellant’s first point of error.Factual Sufficiency
          In her second point of error, appellant contends that the evidence is factually
insufficient to support her conviction for theft. We review the factual sufficiency of
the evidence by reviewing all of the evidence neutrally, not in the light most
favorable to the prosecution. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000). In a factual-sufficiency review, we may not substitute our own judgment for
that of the fact finder. Jones v. State, 944 S.W.2d 642, 648 (Tex. Crim. App. 1996). 
The Court of Criminal Appeals recently discussed the factual sufficiency standard in
Zuniga v. State, 144 S.W.3d 477, 484 (Tex. Crim. App. 2004). 
There is only one question to be answered in a factual-sufficiency review:
Considering all of the evidence in a neutral light, was a jury rationally justified
in finding guilt beyond a reasonable doubt? However, there are two ways in
which the evidence may be insufficient. First, when considered by itself,
evidence supporting the verdict may be too weak to support the finding of guilt
beyond a reasonable doubt. Second, there may be both evidence supporting
the verdict and evidence contrary to the verdict. Weighing all evidence under
this balancing scale, the contrary evidence may be strong enough that the
beyond-a-reasonable-doubt standard could not have been met, so [that] the
guilty verdict should not stand. This standard acknowledges that evidence of
guilt can “preponderate” in favor of conviction but still be insufficient to prove
the elements of the crime beyond a reasonable doubt. Stated another way,
evidence supporting guilt can “outweigh” the contrary proof and still be
factually insufficient under a beyond-a-reasonable-doubt standard. 
Id. at 484-85. We must consider the most important evidence that appellant claims
undermines the jury’s verdict. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App.
2003).
          Appellant contends that the evidence is factually insufficient because (1) the
surveillance videotape of appellant merely shows her shopping, not stealing; (2)
discrepancies exist in Mitchell’s testimony regarding his completion of a form listing
suspicious behavior and video records; (3) the only evidence to show that appellant
did not leave merchandise in the dressing room was hearsay; (4) inconsistencies exist
in Deputy Kula’s testimony regarding whether proof of purchase labels were affixed
to the merchandise in appellant’s shopping bag; and (5) the State failed to call two
obvious witnesses and preserve the merchandise it alleged was stolen, produce the
entire surveillance videotape of appellant, or produce the store’s written policy
regarding proof of purchase labels. Appellant relies on the foregoing “evidence” to
assert that the proof of theft was so weak as to undermine confidence in the jury’s
finding of guilt. 
          Appellant contends that the surveillance videotape merely shows appellant
shopping; appellant contends that she looked around “in a manner surely as consistent
with an overburdened shopper looking for an assistant as with a shoplifter.” While
appellant may be correct as to the limited portion of the incident portrayed in the
surveillance videotape, other testimony established that appellant acted suspiciously
at times not shown in the videotape. Moreover, the jury determines the credibility
and demeanor of witnesses and we must give deference to the jury’s verdict. Zuniga,
144 S.W.3d at 481. Thus, the jury’s decision is not manifestly unjust merely because
the jury resolved conflicting views of evidence in favor of the State. Appellant also contends that Mitchell’s testimony is unreliable because he
inaccurately filled out a surveillance form indicating that appellant had committed a
suspicious act while being monitored and that a camera recorded appellant’s entering
and exiting the dressing room area when no such footage could be seen on the
videotape at trial. Mitchell testified that he signed his initials next to text reading: 
“Visual observations and recording of concealment of items or other action such as
removing, switching, price tags, sensor devices, staging merchandise, or pulling an
empty bag or sack out of pocket. These actions can indicate an intent to steal.” At
trial, Mitchell testified that he observed appellant looking around in a suspicious
manner while selecting merchandise and removing some items of clothing from their
hangers. Appellant did not present any witnesses or evidence at trial to controvert
Mitchell’s testimony that appellant was acting in a suspicious manner or to show that
the form’s list of suspicious acts was exhaustive. Mitchell also testified that another
camera operator was responsible for operating the camera that would have captured
footage of appellant entering and exiting the dressing room area after he left the
surveillance room, but apparently had failed to do so. Mitchell testified, however,
that he personally observed appellant enter and exit the dressing room. The jury,
which heard Mitchell’s testimony, was in the best position to determine his credibility
and demeanor in court, and, on appeal, we will defer to the jury’s assessment of his
credibility. Zuniga, 144 S.W.3d at 481.
          Appellant also contends that the only evidence that she did not leave the
gathered merchandise in the dressing room, rather than having placed it in her
shopping bags, was inadmissible hearsay. Appellant asserts that this hearsay
evidence is so unreliable that, even though it was not objected to, its admission
should undermine confidence in the verdict. However, Mitchell testified that he
observed appellant enter the dressing room with one bag and numerous articles of
clothing. Mitchell also observed appellant leave the dressing room area carrying no
items in her arms but carrying two full shopping bags packed with clothing. When
the bags were unpacked, they contained 17 items worth $803.93. Thus, even without
considering the alleged hearsay statement, evidence still existed to show that
appellant left the dressing room with the items she carried with her into the dressing
room. Nevertheless, it is well settled that unobjected to hearsay is probative. See
Poindexter v. State, 153 S.W.3d 402, 406-07 (Tex. Crim. App. 2005). 
          Appellant also contends that Deputy Kula’s testimony was inconsistent
regarding whether any of the items he saw while looking inside appellant’s shopping
bag had proof of purchase labels affixed to their tags. On direct examination, Deputy
Kula testified that, when he looked in appellant’s shopping bag outside the store, he
noticed “some articles of clothing without a POP label on it.” During cross-examination, Deputy Kula testified that some of the items in appellant’s shopping bag
“may have had POP labels on them and some of them could have not.” Furthermore,
Deputy Kula explained that even items that did have proof of purchase labels affixed
could have been stolen. Christine Malecki, operations manager of Dillard’s,
corroborated this testimony and explained that, after an item is purchased and
returned, the proof of purchase label is not removed; thus, an item on the store floor
could already have a proof of purchase label affixed to its tag before a person
purchased the item. Deputy Kula’s testimony did not necessarily contain any
inconsistency regarding whether the merchandise had proof of purchase labels affixed
to their tags and explained that the items still could have been stolen regardless of
whether they had proof of purchase labels attached. The determination of what
weight to give contradictory testimonial evidence is within the sole province of the
jury, as it turns on an evaluation of credibility and demeanor. Zuniga, 144 S.W.3d
at 481.
          Appellant also asserts that Deputy Kula did not promptly reveal that appellant
maintained her innocence while being detained and that she had asked a store
manager to scan the proof of purchase labels to prove that she had previously
purchased the merchandise. The jury was free to believe all or any part of the
testimony of the State’s witnesses and to judge those witnesses’ credibility. A court
of appeals must show deference to such a jury finding. Id. 
          Lastly, appellant contends that the State failed to call witnesses that it should
have called and failed to preserve physical evidence that would have cast light on the
facts of this case. We must review the factual sufficiency of the evidence from the
same perspective as did the jurors and, therefore, cannot consider materials that were
not admitted at trial. Miles v. State, 918 S.W.2d 511, 512 (Tex. Crim. App. 1996).
          Examining all of the evidence neutrally, we conclude that the proof of guilt was
not too weak to support the finding of guilt beyond a reasonable doubt, nor was the
contrary evidence so strong that the beyond-a-reasonable-doubt standard would not
have been met. Accordingly, we overrule appellant’s second issue. 
 
 
 
Ineffective Assistance of Counsel
          In her third point of error, appellant contends that she was deprived of effective
assistance of counsel because trial counsel failed to make an objection to hearsay
testimony or ask for a jury charge on spoliation. 
          The standard of review for evaluating claims of ineffective assistance of
counsel is set forth in Strickland v. Washington, 466 U.S. 668, 687-96, 104 S. Ct.
2052, 2064-69 (1984). See Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999). Appellant must show both that (1) counsel’s performance was so deficient
that he was not functioning as acceptable counsel under the Sixth Amendment, and
(2) there is a reasonable probability that, but for counsel’s error or omission, the result
of the proceedings would have been different, i.e., sufficient to undermine confidence
in the outcome. Strickland, 466 U.S. at 687-96, 104 S. Ct. at 2064-69. Effective
assistance of counsel does not mean errorless counsel. See Saylor v. State, 660
S.W.2d 822, 824 (Tex. Crim. App. 1983). In determining whether counsel was
ineffective, we consider the totality of the circumstances of the particular case. 
Thompson, 9 S.W.3d at 813. 
          It is the defendant’s burden to prove ineffective assistance of counsel by a
preponderance of the evidence. Thompson, 9 S.W.3d at 813. A defendant must
overcome the presumption that, under the circumstances, the challenged action might
be considered sound trial strategy. Gamble v. State, 916 S.W.2d 92, 93 (Tex.
App.—Houston [1st Dist.] 1996, no pet.). An appellate court will not find
ineffectiveness based on speculation. Henderson v. State, 29 S.W.3d 616, 624 (Tex.
App.—Houston [1st Dist.] 2000, pet. ref’d); Gamble, 916 S.W.2d at 93. Assertions
of ineffective assistance of counsel must be firmly founded in the record. Bone v.
State, 77 S.W.3d 828, 835 (Tex. Crim. App. 2002). 
          At trial, appellant’s counsel questioned all of the State’s witnesses vigorously
and argued in favor of the trial court granting community supervision for appellant. 
Appellant disregards this totality of representation and focuses on two discrete
failures of counsel at trial. Even if appellant could establish that her trial counsel was
deficient by failing to object to the alleged hearsay testimony or by failing to request
a charge on spoliation, appellant has not shown ineffective assistance. Because
appellant did not file a motion for new trial, there is no evidence in the record of why
appellant’s trial counsel did not object or ask for a charge on spoliation. To find trial
counsel ineffective would call for speculation, which we will not do. See Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1999); Gamble, 916 S.W.2d at 93; see
also Henderson v. State, 29 S.W.3d 616, 624 (Tex. App.—Houston [1st Dist.] 2000,
pet. ref’d) (holding trial counsel was not ineffective when record was silent as to trial
counsel’s reasons for declining to request instruction on concurrent causation).
          Appellant, however, contends that hers is the rare case in which the record
shows there could be no possible strategy justifying trial counsel’s omissions. See
Robinson v. State, 16 S.W.3d 808, 813 n.7 (Tex. Crim. App. 2000). As for the
spoliation instruction, the duty to preserve evidence is limited to evidence that
possesses an exculpatory value apparent before the evidence was destroyed. Herbert
v. State, 836 S.W.2d 252, 253 (Tex. App.—Houston [1st Dist.] 1992, pet. ref’d). A
defendant must also show bad faith on the part of the State in failing to preserve
potentially useful evidence and that the lost evidence was favorable and material. Id.
at 254. Because there was no evidence of the State’s acting in bad faith, a required
element of spoliation, appellant has not shown she was entitled to a spoliation
instruction. In regard to the lack of hearsay objection, it is possible that trial counsel
had spoken to the declarant who had other, more incriminating testimony to give. 
The record does show trial counsel talked to Ms. Maleski the day before trial. Under
these conditions, trial counsel may not have wanted to object to the hearsay and run
the risk of the State locating and producing the declarants. At any rate, where, as
here, appellant has not established per se deficient representation, attempts to
determine counsel’s strategy are clearly speculative. 
          We overrule appellant’s third point of error. 
 
 
 
 
 
Conclusion

          We affirm the judgment of the trial court.

 


                                                             Tim Taft
                                                             Justice

Panel consists of Justices Taft, Alcala, and Higley.
Do not publish. Tex. R. App. P. 47.4.