# NO. 12-09-00159-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *KATHERYN PARRISH BOUDREAUX,* *APPELLANT* | § | *APPEAL FROM THE 273RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SABINE COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

A jury found Katheryn Parrish Boudreaux, Appellant, guilty of possession of cocaine in an amount less than one gram. The court sentenced Appellant to confinement in a state jail facility, probated for one year. Appellant urges three issues, all related to the State's destruction of potentially exculpatory evidence. We affirm.

## BACKGROUND

On June 4, 2004, Appellant went to the Sabine County Sheriff's Department to make a statement in an unrelated case. A deputy recognized Appellant as the subject of an outstanding warrant for theft by check. The deputy arrested Appellant and reached in her handbag to retrieve her driver's license. There, the deputy also found an inhalant pipe and a small package of white powder that he believed was cocaine. Appellant was arrested for possession of a controlled substance.

After seizing the small bag of white powder and the inhalant pipe, the deputy placed the items into an evidence bag and placed them in the evidence locker room under Log #6158. Texas Department of Public Safety ("DPS") Laboratory Service received the items under Agency Case Number 6158. Karen Ream, the DPS forensic chemist who tested the items,

testified at the trial. Her report of November 1, 2004 shows that the white powder contained .05 gram of cocaine.

Chief Deputy Anthony Miller testified that when he was assigned to the evidence locker room, it was an "absolute nightmare." He embarked on an effort to restore order. On August 11, 2006, more than two years after Appellant's arrest, Deputy Miller petitioned the 273rd Judicial District Court for permission to destroy evidence in forty cases, because the cases had been disposed of. Deputy Miller testified that he had mistakenly listed the evidence held under Log #6158 among that to be destroyed. The trial court signed the destruction order for the listed evidence including Log #6158. Consequently, the evidence was unavailable when the case was tried two and one-half years later on February 24, 2009.

## ADMISSION OF EVIDENCE

In her first two issues, Appellant contends the trial court erred in admitting any evidence of the alleged drugs or the results of their testing because the material had been destroyed under the court's order. The State's negligence in allowing the destruction of the evidence, Appellant claims, denied her the opportunity to have the material independently tested. Test results contradicting the analysis by the DPS chemist would have been extremely important in her defense. Therefore, she contends that the admission of the challenged evidence violated her rights to due process under the U.S. Constitution and due course of law under the Texas Constitution.

### Applicable Law

The Texas Supreme Court has consistently held the due course of law clause in the Texas Constitution and the due process of law clause of the United States Constitution to be equivalent. *United States Gov't v. Marks*, 949 S.W.2d 320, 326 (Tex. 1997). Texas due course of law decisions therefore mirror U.S. Supreme Court due process decisions. *See id.*

The state has a duty to preserve and produce exculpatory evidence in its possession if the exculpatory value of the evidence was apparent before it was destroyed and was of a nature that the defendant would have been unable to obtain comparable evidence by other reasonably available means. *California v. Trombetta*, 467 U.S. 479, 488-89, 104 S. Ct. 2528, 2534, 81 L. Ed. 2d 413 (1984); *McDonald v. State*, 863 S.W.2d 541, 543 (Tex. App.–Houston [1st Dist.]

2

1993, no pet.).  A federal due process violation occurs whenever the state suppresses or fails to disclose material exculpatory evidence, regardless of whether the state acted in bad faith. *Illinois v. Fisher*, 540 U.S. 544, 547-48, 124 S. Ct. 1200, 1202, 157 L. Ed. 2d 1060 (2004). However, to prove a due process of law violation based on the state's destruction of potentially useful evidence, as opposed to material, exculpatory evidence, the defendant must show the state acted in bad faith in destroying the evidence.  *Arizona v. Youngblood*, 488 U.S. 51, 57-58, 1009 S. Ct. 333, 337-38, 102 L. Ed. 2d 281 (1988); *Jackson v. State*, 50 S.W.3d 579, 589 (Tex. App.–Fort Worth 2001, pet. ref'd).  Potentially useful evidence is "evidentiary material of which no more can be said than that it could have been subjected to tests, the results of which might have exonerated the defendant."  *Youngblood*, 488 U.S. at 57, 109 S. Ct. at 337.  "A showing that the lost evidence might have been favorable does not meet the materiality standard."  *Jackson*, 50 S.W.3d at 589.

**Discussion**

To demonstrate the state's duty to preserve evidence, an appellant must show that the evidence destroyed was favorable and material to his case.  *Herbert v. State*, 836 S.W.2d 252, 254 (Tex. App.–Houston [1st Dist.] 1992, pet. ref'd).  The only evidence in this record indicates the evidence would have been unfavorable to the defense.  A showing that a retesting of the material might have contradicted the DPS chemist's analysis demonstrates only potential value and does not meet the materiality standard. *Jackson*, 50 S.W.3d at 589.

Without a showing that the evidence would have been favorable and material, the evidence destroyed had only potential value to Appellant's case.  In order to establish a denial of due process by the state's destruction of evidence only potentially useful, Appellant must show the state acted in bad faith.  *Youngblood*, 488 U.S. at 57-58, 109 S. Ct. at 337; *Jackson*, 50 S.W.3d at 589.

When the court ordered the evidence destroyed, over two years had elapsed since Appellant's arrest and the analysis of the material by the State. Nothing in the record contradicts the chief deputy's explanation that its destruction was unintentional.  Appellant insists the State acted negligently.  Appellant has made no showing that the State acted in bad faith nor does she claim it acted in bad faith.  Without such a showing, there is no due process violation.  Appellant's first two issues are overruled.

## CHARGE ERROR

In her third issue, Appellant contends the trial court erred in not properly instructing the jury that destroyed evidence must be viewed as favorable to the defendant and that the failure to submit such a charge violated his constitutional right to due process.

Appellant filed no written objection to the trial court's failure to include within its charge the instruction she now insists should have been given. Nor did she dictate such an objection to the court reporter in the presence of the court and the State's counsel. No error is preserved. *See* TEX. CODE CRIM. PROC. ANN. art. 36.14 (Vernon 2007). Appellant's third issue is overruled.

## DISPOSITION

The judgment is *affirmed*.

**BILL BASS**
Justice

Opinion delivered June 23, 2010.
*Panel consisted of Worthen, C.J., Griffith, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

4