James Keelin WHITE, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–01–01251–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 13, 2003.

Concurring Opinion on Overruling of Rehearing En Banc Feb. 5, 2004.

Janet Seymour Morrow, Spring, for appellant.

Eric Kugler, Houston, for appellee.

Panel consists of Justices YATES, ANDERSON, and FROST.

## OPINION

LESLIE BROCK YATES, Justice.

Appellant, James Keelin White, was charged with the felony offense of intoxication manslaughter after the car he was driving struck and killed a bicyclist. Appellant pleaded guilty and was sentenced to five years' confinement in accordance

with a plea agreement. In a single point of error, appellant claims the trial court erred in refusing his pretrial request for a jury instruction regarding the State's alleged failure to preserve evidence. We affirm.

## Waiver

■ We first consider the State's argument that appellant waived his right to appeal as part of his plea agreement. On November 9, 2001, appellant signed a "Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession," a form document expressing appellant's intent to enter a guilty plea in exchange for a punishment recommendation from the State. This document also states, "I waive any right of appeal which I may have should the court accept the foregoing plea bargain agreement between myself and the prosecutor." Relying exclusively on this statement, the State argues that appellant waived any right to appeal. However, in a case in which the appellant signed a similar document, the Court of Criminal Appeals recently held that waiver did not exist because the record contained other evidence that "directly contradicts and rebuts any presumption raised by the terms of the boiler-plate plea form signed by appellant." *Alzarka v. State*, 90 S.W.3d 321, 324 (Tex.Crim. App.2002). Therefore, we examine the record for other evidence that may contradict appellant's purported waiver of his right to appeal.

Here, the same day appellant signed the Waiver, appellant signed and initialed another form document entitled "Admonishments and Judicial Confession." Among the written admonishments appellant initialed to indicate his understanding is the following (emphasis added):

[I]f the punishment assessed by the Court does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter in this case *except for those matters raised by you by written motion filed prior to trial.*

Thus, at the same time appellant signed a form indicating he had waived his right to appeal, the trial court admonished him that he *could* appeal, even without the trial court's permission, any matter that was raised in a pretrial motion. Under these facts, we conclude the court's admonishment rebuts whatever presumption was raised by the "boiler-plate plea form" signed by appellant with respect to his right to appeal the court's ruling on a pretrial motion. *See id.* Therefore, we address the merits of appellant's appeal.

### Request for Spoliation Instruction

■ In his sole point of error, appellant argues that the trial court erred in refusing his requested instruction on the State's alleged failure to preserve evidence. Specifically, appellant claims the State failed to preserve as evidence the bicycle the complainant was riding when it was struck by appellant's car. Appellant filed a pretrial request for a special instruction as follows:

[S]hould you believe by a preponderance of the evidence that the State of Texas had the capacity to preserve the destroyed or nonpreserved bicycle of the complainant, then you may infer that any subsequent analysis of that evidence would have produced a result favorable to the defendant.

■ The duty to preserve evidence is limited to evidence that possesses an exculpatory value that was apparent before the evidence was destroyed. *Burke v. State*, 930 S.W.2d 230, 236 (Tex.App.- Houston [14th Dist.] 1996, pet. ref'd) (cit-

ing *California v. Trombetta,* 467 U.S. 479, 489, 104 S.Ct. 2528, 2534, 81 L.Ed.2d 413 (1984)). Appellant must affirmatively show that the lost evidence was favorable and material to his defense. *See Hebert v. State,* 836 S.W.2d 252, 254 (Tex.App.-Houston [1st Dist.] 1992, pet. ref'd). The only evidence before the trial court regarding the materiality of the bicycle was an affidavit from appellant's counsel stating that appellant's accident-reconstruction expert "has indicated a need to inspect the complainant's bicycle." Nowhere has appellant demonstrated how an inspection of the bicycle might have assisted appellant in his defense against a charge of intoxication manslaughter. At best, appellant has shown only that preservation of the bicycle *might have been* favorable, which is insufficient to satisfy the requirement of materiality. *Id.; see also Burke,* 930 S.W.2d at 236.

In addition, failure to preserve potentially useful evidence does not constitute a denial of due process unless appellant can show bad faith on the part of the State. *See Burke,* 930 S.W.2d at 236; *Hebert,* 836 S.W.2d at 254. Appellant has made no showing whatsoever of bad faith. At the hearing on pretrial motions, the prosecutor stated that the bicycle was never tagged as evidence or taken into police custody, but rather it was transported directly to a tow lot. The tow lot took possession of the bicycle and apparently discarded it. Appellant does not dispute the State's rendition of events, nor does he point to any evidence suggesting the State acted in bad faith. We conclude the trial court did not err in refusing appellant's requested instruction.

We overrule appellant's sole point of error and affirm the trial court's judgment.

RICHARD H. EDELMAN, Justice, concurring on denial of en banc rehearing.

Burying a total waiver of appeal in the fine print of a guilty plea document and then having the defendant affirmatively acknowledge an admonishment suggesting, to the contrary, that he indeed has a limited right of appeal, is misleading. To then penalize the defendant, who proposed neither provision, and reward the State, for such a sloppy practice is senseless and unjust.

Wherever possible, courts construe statutes,[1] judgments,[2] jury findings,[3] and contracts[4] to harmonize inconsistent provisions and give effect to all. The guilty plea document and admonishment in this case should be treated no differently. In that context, the admonishment did not affect the voluntariness of the waiver of appeal, but merely its scope. Reading the two provisions together, they simply operate much the same as Texas Rule of Appellate Procedure 25.2(a)(2), such that the right to appeal is waived except as to matters either raised by written pre-trial motion or for which the trial court gave its permission to appeal.

Motion for Rehearing En Banc Denied.

Chief Justice HEDGES and Justices HUDSON, SEYMORE and GUZMAN would grant rehearing en banc.

1. *See Burke v. State,* 28 S.W.3d 545, 546 (Tex. Crim.App.2000).

2. *See Shanks v. Treadway,* 110 S.W.3d 444, 447 (Tex.2003).

3. *See Gallick v. Baltimore & Ohio R.R. Co.,* 372 U.S. 108, 119, 83 S.Ct. 659, 9 L.Ed.2d 618 (1963).

4. *See MCI Telecomm. Corp. v. Texas Utils. Elec. Co.,* 995 S.W.2d 647, 652 (Tex.1999).