COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-435-CR
 
 
JAMES 
JOE RAMIREZ A/K/A                                                   APPELLANT
JAMIE 
JOE RAMIREZ
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION *
 
------------
        Appellant 
James Joe Ramirez a/k/a Jamie Joe Ramirez entered a negotiated plea of guilty to 
felony DWI pursuant to a plea bargain agreement, reserving his right to appeal 
his motion to quash the indictment. On appeal, Appellant contends that the State 
failed to introduce sufficient evidence into the record of the prior DWI 
convictions.
        Rule 
25.2 of the Texas Rules of Appellate Procedure governs the perfection of appeal 
in criminal cases and requires that the trial court certify an appellant’s 
right to appeal.[1]  Appellants in plea-bargained 
cases are limited to appealing pretrial rulings on written motions unless the 
trial court otherwise grants permission to appeal.[2]
        There 
is no evidence in the record that the trial court ruled on Appellant’s 
pretrial motion to quash, and even Appellant’s brief provides only that the 
trial court was “aware of the motion.”  At the time of Appellant’s 
plea on the record, however, the trial court gave Appellant the “right to 
appeal the issue of [his] motion to quash on the enhancement.”[3]  On the written certification form, the trial court 
did not check the category addressing pretrial rulings on written motions but 
instead checked the category indicating that he had given permission to appeal 
and specified that Appellant has the “right of appeal on Motion to Quash 
Enhancement.”  Appellant contended in his motion to quash that one of the 
prior convictions alleged in the indictment was not final, that the State had to 
prove two prior final DWI convictions to prove Appellant guilty of felony DWI, 
and that because one of the prior convictions alleged was not final, the trial 
court should dismiss the indictment for want of jurisdiction.  Similarly, 
on appeal, Appellant contends that the State’s failure to prove the same prior 
conviction was final makes the evidence legally insufficient to support his 
felony DWI conviction.  Based on the record, we construe the trial 
court’s permission to appeal to encompass Appellant’s complaint.
        Article 
1.15 of the Texas Code of Criminal Procedure provides that:
 
No 
person can be convicted of a felony except upon the verdict of a jury duly 
rendered and recorded, unless the defendant, upon entering a plea, has in open 
court in person waived his right of trial by jury in writing in accordance with 
Articles 1.13 and 1.14; provided, however, that it shall be necessary for the 
state to introduce evidence into the record showing the guilt of the defendant 
and said evidence shall be accepted by the court as the basis for its judgment 
and in no event shall a person charged be convicted upon his plea without 
sufficient evidence to support the same.[4]

 
        In 
the case now before this court, Appellant was charged by indictment with felony 
DWI.[5]  That is, he was charged with driving 
while intoxicated and it was further alleged that he was twice previously 
convicted of DWI.  The judgment recites that Appellant was convicted of the 
felony offense of driving while intoxicated, but it also recites that no 
enhancements were found.
        Although 
we note that the legislature refers to the predicate prior convictions “used 
for purposes of enhancement,”[6] the Texas Court of 
Criminal Appeals instructs us to the contrary, stating,
 
The 
prior intoxication-related offenses, whether they are felonies or misdemeanors, 
serve the purpose of establishing whether the instant offense qualifies as 
felony driving while intoxicated. The prior intoxication-related offenses are 
elements of the offense of driving while intoxicated. They define the offense as 
a felony and are admitted into evidence as part of the State's proof of its 
case-in-chief during the guilt-innocence stage of the trial.[7]
 
 
        Appellant 
testified by means of his written judicial confession that he committed each and 
every allegation in the indictment.  He orally pled guilty in open court to 
felony DWI.  Similarly, his written guilty plea is to the allegations 
contained in the indictment.  Appellant specifically excluded a plea of 
true to enhancement allegations.  Because the allegations of two prior DWI 
convictions are allegations of elements of the offense, not punishment 
enhancement provisions,[8] Appellant’s judicial 
confession provided sufficient evidence to support his conviction.[9]  We therefore overrule Appellant’s sole point and 
affirm the trial court’s judgment.
 
 
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PANEL 
A:   LIVINGSTON, DAUPHINOT, and MCCOY, JJ.
 
LIVINGSTON, 
J. filed a concurring opinion.
 
MCCOY, 
J. filed a concurring and dissenting opinion.
 
PUBLISH
DELIVERED: 
June 17, 2004

 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-435-CR
 
  
JAMES 
JOE RAMIREZ A/K/A                                                   APPELLANT
JAMIE 
JOE RAMIREZ
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        I 
concur in the result the majority reaches.  However, I would treat the 
trial court's permission to appeal appellant's motion to quash as an implicit 
denial of his motion.  Because appellant offered no evidence to show that 
one of the prior DWI convictions was not final, I would overrule his point 
complaining of the denial of his motion to quash, without also reaching the 
sufficiency of the evidence complaint since we have no jurisdiction over that 
challenge.  See Tex. R. App. 
P. 25.2 (a)(2).
 
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
  
DELIVERED: 
June 17, 2004

 
COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-435-CR
 
  
JAMES 
JOE RAMIREZ A/K/A                                                   APPELLANT
JAMIE 
JOE RAMIREZ
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
CONCURRING AND 
DISSENTING OPINION
 
------------
        I 
concur with the majority’s holding that we have jurisdiction to address 
Appellant’s legal sufficiency complaint.  I disagree, however, with the 
holding that the judicial confession is sufficient evidence to support the 
conviction.  Appellant’s guilty plea and judicial confession were 
conditioned on his ability to challenge the finality of one of his prior 
convictions and therefore the sufficiency of the evidence of that prior 
conviction and, necessarily, the sufficiency of the evidence supporting the 
conviction before us.  To hold that Appellant’s conditional judicial 
confession is sufficient evidence to support his felony DWI conviction is 
fundamentally unfair because such holding ignores the condition under which the 
judicial confession was made.  I would reach the merits of his claim.[1]  Because the majority affirms Appellant’s 
conviction based on his guilty plea and judicial confession, I respectfully 
dissent.
 
  
                                                                  BOB 
MCCOY
                                                                  JUSTICE
  
  
DELIVERED: 
June 17, 2004
 


NOTES
*  Comment: Majority opinion by Justice Dauphinot; Concurring 
opinion by Justice Livingston; Concurring & Dissenting opinion by Justice 
McCoy
MAJORITY 
OPINION NOTES: 
1.  
Tex. R. App. P. 25.2(a)(2).
2.  
Id.
3.  
Emphasis added.
4. 
Tex. Code Crim. Proc. Ann. art. 1.15 
(Vernon Supp. 2004).
5.  
See Tex. Penal Code Ann. § 
49.09(b) (Vernon Supp. 2004).
6.  
Id. § 49.09(e).
7.  
Gibson v. State, 995 S.W.2d 693, 696 (Tex. Crim. App. 1999).
8.  
Id.
9.  
See Dinnery v. State, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979).
 
CONCURRING & DISSENTING OPINION NOTES
1.  See White v. State, 125 S.W.3d 41, 43 (Tex. 
App.—Houston [14th Dist.] 2003, pet. filed); see also Morgan v. 
State, 688 S.W.2d 504, 507 (Tex. Crim. App. 1985) (“Having thus encouraged 
pleas of guilty and nolo contendere in exchange for the right to appeal 
contested pretrial issues, the Legislature surely contemplated a meaningful 
appeal—one that addresses and decides each issue on its merits. . . . Just as 
the plea itself no longer waives the right to complain of pretrial rulings on 
appeal, so the confession or admission will not bar an appellate court from 
reaching the merits of the complaint.”).