**James Keelin WHITE, Appellant,**

v.

**The STATE of Texas.**

**No. PD–540–04.**

Court of Criminal Appeals of Texas.

Nov. 10, 2004.

Janet Morrow, Spring, for Appellant.

Eric Kugler, Assistant District Attorney, Houston, Matthew Paul, State's Attorney, Austin, for State.

## OPINION DISSENTING TO REFUSAL TO GRANT PETITION

KELLER, P.J., filed a dissenting opinion in which KEASLER, and HERVEY, JJ., joined.

In this plea-bargain case, the Court of Appeals held in a published opinion that appellant preserved the right to appeal despite his written waiver of appeal[1] and despite the trial court's notation on the judgment and the notice of appeal that appellant waived the right to appeal.[2] I dissent to the Court's refusal to grant review of this far-reaching holding by the Court of Appeals.

Appellant signed a document waiving certain rights, including the right to appeal. He also signed a document containing the admonishments required by Article 26.13 of the Texas Code of Criminal Procedure. One of those admonishments stated:

[I]f the punishment assessed by the Court does not exceed the punishment recommended by the prosecutor and agreed to by you and your attorney, the Court must give its permission to you before you may prosecute an appeal on any matter in this case, except for those matters raised by you by written motion filed prior to trial.[3]

The Court of Appeals found that the waiver of appeal was not effective because it was contradicted by the admonishment that any right to appeal is limited to pre-trial motions.[4]

The problem with this is that the trial court is required by Article 26.13 to give the admonishment about the limited right to appeal. Under the court's reasoning, written waivers of appeal will never be effective because they will be rebutted by the admonishment that is required to be given.

In *Alzarka*,[5] the trial court had given permission to appeal, and statements at the plea hearing showed that the parties and the court contemplated that appellant could appeal.[6] In this case, on the other hand, nothing outside the written admonishments and waivers suggests that the parties or the trial court intended that appellant be permitted to appeal. And in fact, the trial court's notations on the judgment and on the notice of appeal are directly to the contrary. If appellant did not in fact knowingly waive his right to appeal, he can make that claim in an application for writ of habeas corpus.[7]

Perhaps the Court chooses to refuse the State's petition because the State ultimately prevailed in the court below. But deciding the issue in the State's favor would result in a reversal of the Court of Appeals's decision by requiring a change in disposition from affirming the conviction to dismissing the appeal. Moreover, this Court has sometimes granted a State's petition, even though the State prevailed, when the Court of Appeals's opinion is published and involves an issue of widespread importance to the jurisprudence of the State.[8] Finally, the First Court of

1. *White v. State*, 125 S.W.3d 41, 43 (Tex.App.-Houston [14th Dist.] 2003).

2. The Court of Appeals's opinion erroneously says that the State relied "exclusively" on appellant's written waiver of appeal. *Id.*

3. *See Id.* at 43; TEX. CODE CRIM. PROC., Art. 26.13(a)(3).

4. *White,* 125 S.W.3d at 43.

5. *Alzarka v. State,* 90 S.W.3d 321 (Tex.Crim. App.2002).

6. *Id.* at 322–324.

7. *See* TEX. CODE CRIM. PROC., Art. 11.07.

8. *See Rushing v. State,* 85 S.W.3d 283 (Tex. Crim.App.2002).

Appeals has addressed a case with similar facts and explicitly disagreed with the Fourteenth Court's holding in this case.[9] This disagreement, in published opinions, between two courts that have concurrent jurisdiction will continue to result in inconsistent treatment of identically-situated litigants.

Because the Court declines to grant review, I respectfully dissent.

---

9. *Bradley v. State,* 119 S.W.3d 407 (Tex.App.-    Houston [1st Dist.] 2003, no pet.)