IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. PD-540-04






JAMES KEELIN WHITE, Appellant



v.



THE STATE OF TEXAS





DISSENT TO REFUSAL TO GRANT


STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FOURTEENTH COURT OF APPEALS


HARRIS COUNTY





 Keller, P.J., filed a dissenting opinion in which KEASLER, and
HERVEY, JJ., joined..


OPINION DISSENTING TO REFUSAL TO GRANT PETITION



 In this plea-bargain case, the Court of Appeals held in a published opinion that appellant
preserved the right to appeal despite his written waiver of appeal (1) and despite the trial court's
notation on the judgment and the notice of appeal that appellant waived the right to appeal. (2) I dissent
to the Court's refusal to grant review of this far-reaching holding by the Court of Appeals.

 Appellant signed a document waiving certain rights, including the right to appeal. He also
signed a document containing the admonishments required by Article 26.13 of the Texas Code of
Criminal Procedure. One of those admonishments stated:

[I]f the punishment assessed by the Court does not exceed the punishment
recommended by the prosecutor and agreed to by you and your attorney, the Court
must give its permission to you before you may prosecute an appeal on any matter
in this case, except for those matters raised by you by written motion filed prior to
trial. (3)


The Court of Appeals found that the waiver of appeal was not effective because it was contradicted
by the admonishment that any right to appeal is limited to pretrial motions. (4)

 The problem with this is that the trial court is required by Article 26.13 to give the
admonishment about the limited right to appeal. Under the court's reasoning, written waivers of
appeal will never be effective because they will be rebutted by the admonishment that is required to
be given.

 In Alzarka, (5) the trial court had given permission to appeal, and statements at the plea hearing
showed that the parties and the court contemplated that appellant could appeal. (6) In this case, on the
other hand, nothing outside the written admonishments and waivers suggests that the parties or the
trial court intended that appellant be permitted to appeal. And in fact, the trial court's notations on
the judgment and on the notice of appeal are directly to the contrary. If appellant did not in fact
knowingly waive his right to appeal, he can make that claim in an application for writ of habeas
corpus. (7)

 Perhaps the Court chooses to refuse the State's petition because the State ultimately prevailed
in the court below. But deciding the issue in the State's favor would result in a reversal of the Court
of Appeals's decision by requiring a change in disposition from affirming the conviction to
dismissing the appeal. Moreover, this Court has sometimes granted a State's petition, even though
the State prevailed, when the Court of Appeals's opinion is published and involves an issue of
widespread importance to the jurisprudence of the State. (8) Finally, the First Court of Appeals has
addressed a case with similar facts and explicitly disagreed with the Fourteenth Court's holding in
this case. (9) This disagreement, in published opinions, between two courts that have concurrent
jurisdiction will continue to result in inconsistent treatment of identically-situated litigants.

 Because the Court declines to grant review, I respectfully dissent.

 KELLER, Presiding Judge

Date filed: November 10, 2004

Publish
1. White v. State, 125 S.W.3d 41, 43 (Tex. App.-Houston [14th Dist.] 2003). 
2. The Court of Appeals's opinion erroneously says that the State relied "exclusively" on
appellant's written waiver of appeal. Id.
3. See Id. at 43; TEX. CODE CRIM. PROC., Art. 26.13(a)(3).
4. White, 125 S.W.3d at 43.
5. Alzarka v. State, 90 S.W.3d 321 (Tex. Crim. App. 2002). 
6. Id. at 322-324.
7. See TEX. CODE CRIM. PROC., Art. 11.07.
8. See Rushing v. State, 85 S.W.3d 283 (Tex. Crim. App. 2002).
9. Bradley v. State, 119 S.W.3d 407 (Tex. App. - Houston [1st Dist.] 2003, no pet.)