Opinion filed September
15, 2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00276-CR 

                                                    __________

 

                      MARIO
JARAMILLO GUTIERREZ, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                  On
Appeal from the 142nd District Court

                                                          Midland
County, Texas

                                                   Trial
Court Cause No. CR33008

 



 

                                            M
E M O R A N D U M   O P I N I O N

Mario
Jaramillo Gutierrez appeals his conviction by a jury of the offense of
possession of cocaine.  The trial court assessed his punishment at two years in
the Texas Department of Criminal Justice, State Jail Division, with the
sentence suspended and Gutierrez placed on community supervision for five years
and confinement in a substance abuse felony treatment facility for an
indefinite term of not more than one year or less than six months.  The
judgment also provides for a jail term of seventy-five days as a condition of
community supervision or until Gutierrez is transferred to a substance abuse
felony treatment facility.  He contends in a single issue on appeal that the
trial court erred in denying a jury instruction on spoliation because the State
destroyed video evidence before trial but after the filing of his request to
discover the evidence.  We affirm.

Midland
police officers stopped Gutierrez’s vehicle after receiving information that Gutierrez
had committed a traffic violation when leaving a Midland motel.  According to
an arresting officer, Gutierrez consented to a search of his vehicle. 
Gutierrez denied having consented to the search of his vehicle.  In searching
Gutierrez’s vehicle, officers found a rock of crack cocaine.  The stop was
probably recorded by the squad car’s videotaping system and then downloaded to
the police department’s computer server.  Despite the filing of a felony
offense and despite the fact that Gutierrez had obtained a discovery order
granting him access to the video, the video was destroyed in accordance with
the police department’s policy of periodically erasing stored video material.

The
duty to preserve evidence is limited to evidence that possesses an exculpatory
value that was apparent before the evidence was destroyed.  White v. State,
125 S.W.3d 41, 43 (Tex. App.—Houston [14th Dist.] 2003, pet. ref’d).  An
appellant must affirmatively show that the lost evidence was favorable and
material to his defense.  Id. at 44.  Here, Gutierrez can only argue
that the video may have shown that he did not consent to a search of his
vehicle.  Gutierrez acknowledges that the video was destroyed in accordance
with the police department’s policy of periodically erasing stored video
material.  Inasmuch as there is no showing of bad faith on the part of the
State, the trial court did not err in denying Gutierrez’s request for a jury
instruction on spoliation.  See id.

Gutierrez
contends that bad faith can be shown by conduct that is in reckless disregard
of a party’s obligation to comply with a court order.  See Marrocco v. Gen.
Motors Corp., 966 F.2d 220, 224 (7th Cir. 1992).  However, Gutierrez fails
to refer us to any conduct on the part of anyone that would show reckless
disregard of the State’s obligation to comply with a court order.  We hold that,
even if the principle announced in this out-of-state federal civil case applies
here, the routine destruction of a video, without more,
does not constitute sufficient evidence of bad faith so as to require a
spoliation instruction.  We overrule Gutierrez’s single issue.

            The
judgment is affirmed.

 

September 15,
2011                                                                PER CURIAM

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Hill, J.[1]

 

 









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.