**Opinion filed September 15, 2011**



# In The

# Eleventh Court of Appeals

_____

## No. 11-10-00276-CR
_____

## MARIO JARAMILLO GUTIERREZ, Appellant
## V.
## STATE OF TEXAS, Appellee

**On Appeal from the 142nd District Court**

**Midland County, Texas**

**Trial Court Cause No. CR33008**

## M E M O R A N D U M   O P I N I O N

Mario Jaramillo Gutierrez appeals his conviction by a jury of the offense of possession of cocaine. The trial court assessed his punishment at two years in the Texas Department of Criminal Justice, State Jail Division, with the sentence suspended and Gutierrez placed on community supervision for five years and confinement in a substance abuse felony treatment facility for an indefinite term of not more than one year or less than six months. The judgment also provides for a jail term of seventy-five days as a condition of community supervision or until Gutierrez is transferred to a substance abuse felony treatment facility. He contends in a single issue on appeal that the trial court erred in denying a jury instruction on spoliation because the State destroyed video evidence before trial but after the filing of his request to discover the evidence. We affirm.

Midland police officers stopped Gutierrez's vehicle after receiving information that Gutierrez had committed a traffic violation when leaving a Midland motel. According to an

arresting officer, Gutierrez consented to a search of his vehicle. Gutierrez denied having consented to the search of his vehicle. In searching Gutierrez's vehicle, officers found a rock of crack cocaine. The stop was probably recorded by the squad car's videotaping system and then downloaded to the police department's computer server. Despite the filing of a felony offense and despite the fact that Gutierrez had obtained a discovery order granting him access to the video, the video was destroyed in accordance with the police department's policy of periodically erasing stored video material.

The duty to preserve evidence is limited to evidence that possesses an exculpatory value that was apparent before the evidence was destroyed. *White v. State*, 125 S.W.3d 41, 43 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). An appellant must affirmatively show that the lost evidence was favorable and material to his defense. *Id.* at 44. Here, Gutierrez can only argue that the video may have shown that he did not consent to a search of his vehicle. Gutierrez acknowledges that the video was destroyed in accordance with the police department's policy of periodically erasing stored video material. Inasmuch as there is no showing of bad faith on the part of the State, the trial court did not err in denying Gutierrez's request for a jury instruction on spoliation. *See id.*

Gutierrez contends that bad faith can be shown by conduct that is in reckless disregard of a party's obligation to comply with a court order. *See Marrocco v. Gen. Motors Corp.*, 966 F.2d 220, 224 (7th Cir. 1992). However, Gutierrez fails to refer us to any conduct on the part of anyone that would show reckless disregard of the State's obligation to comply with a court order. We hold that, even if the principle announced in this out-of-state federal civil case applies here, the routine destruction of a video, without more, does not constitute sufficient evidence of bad faith so as to require a spoliation instruction. We overrule Gutierrez's single issue.

The judgment is affirmed.


September 15, 2011                                          PER CURIAM

Do not publish. *See* Tex. R. App. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Hill, J.[1]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.