**Opinion filed September 27, 2012**



## In The

# Eleventh Court of Appeals

_____

### No. 11-10-00316-CR
_____

### FOARD LANSANA, Appellant
### V.
### STATE OF TEXAS, Appellee

**On Appeal from the 85th District Court**
**Brazos County, Texas**
**Trial Court Cause No. 07-06415-CRF-85**

### M E M O R A N D U M   O P I N I O N

The jury convicted Foard Lansana of two counts of online solicitation of a minor under fourteen years of age. The jury assessed appellant's punishment for Count One at confinement for ten years and for Count Two at confinement for two years. Pursuant to the jury's recommendation, the trial court suspended the imposition of the sentence for Count One and ordered that appellant be placed on community supervision for ten years. The trial court sentenced appellant to confinement for two years for Count Two and ordered that the sentence for Count One run consecutively to the sentence for Count Two. The trial court entered a separate judgment on each count.[1] We modify and affirm.

---

[1]The judgments incorrectly state that appellant's sentence for Count One is to run concurrently with his sentence for Count Two. Below, we modify the judgments to reflect that appellant's sentence for Count One is to run consecutively to his sentence for Count Two.

*Issues on Appeal*

Appellant does not challenge the sufficiency of the evidence to support his conviction. Appellant presents two issues for review. In his first issue, appellant contends that the trial court erred by denying his motion for continuance. In his second issue, appellant contends that the trial court erred by denying his requested jury instruction on spoliation of evidence.

*Background Facts*

In an effort to combat online sexual predators, Detective Travis Hines of the Bryan Police Department created a Yahoo profile in which he portrayed himself as a thirteen-year-old girl from Bryan. He identified himself as "bryan_blonde9" in his profile, and he went by the name "Brandi" on the internet. Detective Hines entered a Yahoo chat room and then waited for someone to initiate a conversation with him. Appellant used the screen name "romantic_guy20002000" on his laptop computer. Using that screen name, appellant initiated a conversation with Detective Hines. Detective Hines informed appellant that "Brandi" lived in Bryan.

Appellant and Detective Hines became "friends" in the Yahoo chat room. Once they became friends, "romantic_guy20002000" was identified as "Foard Lansana" to Detective Hines, and "bryan_blonde9" was identified as "Brandi Pickens" to appellant. Appellant and Detective Hines engaged in online chats on September 4, 2007; September 7, 2007; October 5, 2007; and November 2, 2007. Appellant requested photographs of "Brandi," and in response, Detective Hines submitted photographs of a young girl to appellant in the Yahoo chat room. Likewise, appellant also provided photographs of himself to Detective Hines. The chats between appellant and "Brandi" quickly turned sexual in nature. Appellant wanted to meet "Brandi" and have sex with her.

Appellant was a medical technician in the United States Army. Appellant was in San Antonio when he engaged in the September 2007 and October 2007 chats with Detective Hines. He was stationed at Fort Riley, Kansas, when the November 2007 chat occurred. Ultimately, Detective Hines obtained a search warrant for appellant's computer. Appellant's computer was seized from him at Fort Riley. Later, Detective Travis Lively of the Texas A&M University Police Department performed a forensic analysis of appellant's computer. Using software, Detective Lively copied the contents of the hard drive of appellant's laptop computer and stored the copied information on his forensic computer. Detective Lively then recorded the copied

information onto DVD disks. Detective Lively testified that the disks contained a "complete, true, and accurate copy of the original hard drive." The data copied from appellant's hard drive confirmed that appellant had used the screen name "romantic_guy20002000," that appellant had engaged in chats with "bryan_blonde9," and that appellant had researched travel to Bryan.

In December 2009, the State provided disks containing a copy of the contents of appellant's hard drive to appellant's counsel. The case was set for trial for August 16, 2010. On August 13, 2010, appellant's counsel told the prosecutor that he wanted to inspect appellant's laptop computer. The prosecutor informed appellant's counsel that the computer was unavailable for inspection because the State had disposed of it.

The parties selected a jury on August 16, 2010, and the jury was sworn. Appellant presented a motion for continuance to the trial court on August 17, 2010, and the trial court held a hearing on the motion. Appellant's motion was based on the fact that the State had disposed of appellant's laptop computer. At the hearing, appellant's counsel stated that he had wanted to use appellant's computer to demonstrate things to the jury. Appellant's counsel told the trial court that, since learning that the State had disposed of the computer, he had attempted to obtain a computer expert to determine whether appellant's computer could be accurately recreated from the copied data. Appellant's counsel stated that "[a] continuance would allow [him] the time to secure an expert to answer [the State's] claim that this computer can be accurately recreated on another computer" and, if so, "to [recreate it] and then examine that computer to determine if it is useful in our defense."

The trial court questioned appellant's counsel as to how much time he needed to obtain a computer expert. Appellant's counsel was unable to estimate the amount of time that might be required. The trial court stated that "[i]t was impractical to grant a continuance and retain the same jury because you cannot give me a length of period -- a time that it's going to take to obtain an expert and analyze what you have concerns about." The trial court then denied appellant's motion for continuance.

Appellant requested a jury instruction on spoliation of evidence. Appellant asserted that he was entitled to a spoliation instruction because the State had sold his computer and because the State had failed to preserve as evidence certain off-line chats between Detective Hines and him. The trial court denied appellant's requested instruction.

3

*Denial of Motion for Continuance*

In his first issue, appellant contends that the trial court erred by denying his motion for continuance. Appellant asserts in his brief that the trial court's denial of his motion prevented him from securing an expert witness to determine whether "the information copied from the hard drive by the [S]tate would be sufficient to present a defense in front of the jury or [to] demonstrate the actual operation of the original laptop in the condition it was in at the time of the offense." Appellant contends that the denial of the motion harmed him because it denied him the ability to prepare an effective defense.

Appellant states in his brief that he filed his motion for continuance on August 16, 2010, before the jury was selected. However, the record shows that appellant's counsel did not sign the sworn verification to the motion, which appears on page 3 of the motion, until August 17, 2010. Additionally, the certificate of service indicates that appellant's counsel served the prosecutor with the motion on August 17, 2010. The motion was not filed by the clerk's office until August 25, 2010. As stated above, the trial court heard the motion on August 17, 2010. Thus, the record establishes that the motion was filed and heard after the trial began. Our ruling in this case does not depend on the fact that appellant waited until after trial began to present his motion for continuance. However, the timing of the motion shows a lack of diligence in pursuing it.

A trial court may grant a continuance even after trial has begun "when it is made to appear to the satisfaction of the court that by some unexpected occurrence since the trial began, which no reasonable diligence could have anticipated, the applicant is so taken by surprise that a fair trial cannot be had." TEX. CODE CRIM. PROC. ANN. art. 29.13 (West 2006). We review a trial court's ruling on a motion for continuance under an abuse of discretion standard. *Gallo v. State*, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); *Janecka v. State*, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996). To establish an abuse of discretion, an appellant must show that the trial court erred by denying his motion for continuance and that he was harmed by the denial of a continuance. *Gonzales v. State*, 304 S.W.3d 838, 843 (Tex. Crim. App. 2010); *Janecka*, 937 S.W.2d at 468. To satisfy the harm requirement, an appellant must show that the trial court's ruling actually prejudiced his defense. *Janecka*, 937 S.W.2d at 468; *Heiselbetz v. State*, 906 S.W.2d 500, 511–12 (Tex. Crim. App. 1995).

Ordinarily, a defendant can make a showing of harm only at a hearing on a motion for new trial because only then will he be able to produce evidence showing what additional

information, evidence, or witnesses he would have had available if the trial court had granted a continuance. *Gonzales*, 304 S.W.3d at 842–43; *Nwosoucha v. State*, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Speculation about the evidence that a defendant might have developed had the trial court granted a continuance is not sufficient to demonstrate harm. *Renteria v. State*, 206 S.W.3d 689, 702 (Tex. Crim. App. 2006).

Appellant's argument at the hearing on his motion for continuance was based on speculation that his computer could not be accurately recreated. In this case, appellant did not file a motion for new trial; therefore, he did not present any evidence supporting the assertion that his computer could not be accurately recreated or showing how the trial court's denial of a continuance prejudiced his defense. On the record before us, appellant has not shown that the trial court erred by denying his motion for continuance or that he was harmed by the denial of the motion. Therefore, we conclude that the trial court did not abuse its discretion by denying appellant's motion for continuance. Appellant's first issue is overruled.

### Request for Spoliation Instruction

In his second issue, appellant contends that the trial court erred by denying his request for a spoliation instruction because the State failed to preserve his laptop computer and because the State failed to preserve off-line chats between him and Detective Hines. In analyzing a complaint of jury charge error, we first determine whether error existed in the charge. *Middleton v. State*, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985). If error existed, we then determine whether the error caused sufficient harm to warrant reversal. *Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005). When a defendant properly preserves error, reversal is required if the error caused some harm. *Barrios v. State*, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

Spoliation of evidence concerns the loss or destruction of evidence. *Torres v. State*, 371 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd); *White v. State*, 125 S.W.3d 41, 43–44 (Tex. App.—Houston [14th Dist.] 2003, pet. ref'd). When the spoliation concerns potentially useful evidence, the defendant bears the burden of establishing that the State lost or destroyed the evidence in bad faith. *Ex parte Napper*, 322 S.W.3d 202, 229 (Tex. Crim. App. 2010); *Torres*, 371 S.W.3d at 319. The duty to preserve evidence is limited to evidence that possesses an exculpatory value that was apparent before the evidence was destroyed. *White*, 125

S.W.3d at 43. An appellant must affirmatively show that the lost evidence was favorable and material to his defense. *Id.* at 44.

Military police at Fort Riley seized appellant's computer and other items. Detective Hines received the seized items from the military police. Detective Hines testified that appellant's computer was delivered to Detective Lively. Detective Hines said that Detective Lively performed a forensic analysis of the computer and then returned the computer to him. At that time, Detective Hines booked the computer into evidence at the police station. Detective Hines intended for the computer to be maintained there during the course of the proceedings against appellant. However, later, Detective Hines learned that appellant's computer had been awarded as seized property to the police department's narcotics unit. Detective Hines said that the narcotics unit could not use the computer. Therefore, the hard drive of the computer was wiped clean, and the computer was sold. Detective Hines did not know when the sale of the computer occurred.

The evidence showed that Detective Hines took action to preserve the computer by booking it into evidence. The sale of the computer likely resulted from miscommunication or mistake. While the evidence may have supported a conclusion that the State was negligent in selling the computer, there was no evidence suggesting that the State acted in bad faith. Thus, appellant has not shown that the State destroyed or sold his computer in bad faith. Additionally, there was no evidence demonstrating that the State failed to preserve any data that was stored on appellant's hard drive when it was seized. Detective Lively testified that he made an accurate copy of the contents of appellant's hard drive. Appellant has not shown that any evidence contained on his hard drive was lost, much less evidence that was favorable and material to his defense. Finally, appellant has not demonstrated how the use of his computer at trial could have assisted him in his defense. For these reasons, we conclude that the trial court did not err by refusing to include in the jury charge a spoliation instruction relating to the disposal of appellant's computer.

Detective Hines did not preserve off-line chats that he sent to appellant. An off-line chat occurs when a person sends a message to another person who is off-line. Detective Hines explained that he was unable to save to his computer the off-line chats he sent to appellant. However, Detective Hines indicated that he wished he had been able to save them. He said that

6

the information he provided to appellant in the off-line chats was consistent with the information he provided to appellant in the online chats that were introduced into evidence.

The record does not contain any evidence that the State lost or destroyed Detective Hines's off-line chats to appellant in bad faith. Appellant has not met his burden of showing that the State lost or destroyed the off-line chats in bad faith. Nor has appellant shown that any of Detective Hines's off-line chats to him was favorable and material to his defense. We conclude that the trial court did not err by refusing to include in the jury charge a spoliation instruction relating to the State's failure to preserve Detective Hines's off-line chats to appellant.

Based on the evidence, appellant was not entitled to an instruction on spoliation. Therefore, the trial court did not err by refusing to submit appellant's requested spoliation instruction to the jury. Appellant's second issue is overruled.

*Modification of Trial Court's Judgments*

This court has the authority to modify incorrect judgments when the necessary information is available to do so. *See* TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Smith v. State*, 176 S.W.3d 907, 920 (Tex. App.—Dallas 2005, pet. ref'd). The record shows that the trial court imposed the two-year sentence for Count Two on August 20, 2010. The State points out that the judgment in Count Two incorrectly reflects that the judgment was entered, the sentence was imposed, and the sentence was to commence on September 28, 2010, instead of August 20, 2010. We agree. Therefore, we modify the judgment in Count Two to state as follows: "Date Judgment Entered: 8/20/2010"; "Date Sentence Imposed: 8/20/2010"; "Date Sentence to Commence: 8/20/2010."

On September 28, 2010, the trial court sentenced appellant for Count One to confinement for ten years but suspended imposition of the sentence and placed appellant on community supervision for ten years. The trial court orally ordered appellant's sentence in Count One to run consecutively to appellant's two-year sentence in Count Two. However, the trial court's written judgments in both counts incorrectly state that "THIS SENTENCE SHALL RUN CONCURRENLTY." The State requests that we modify the judgment in Count One to reflect that appellant's sentence in Count One is to run consecutively to his sentence in Count Two. When there is a variation between the oral pronouncement of a sentence and the written judgment memorializing the sentence, the oral pronouncement controls. *Coffey v. State*, 979 S.W.2d 326, 328 (Tex. Crim. App. 1998). Accordingly, we modify the trial court's judgment in

Count One to state as follows: "THIS SENTENCE SHALL RUN CONSECUTIVELY TO THE SENTENCE IN CASE NO. 07-06415-CRF-85, COUNT TWO." We modify the judgment in Count Two to state as follows: "THE SENTENCE IN CASE NO. 07-06415-CRF-85, COUNT ONE, SHALL RUN CONSECUTIVELY TO THE SENTENCE IN THIS CASE."

*This Court's Ruling*

As modified, the judgments of the trial court are affirmed.


TERRY McCALL

JUSTICE


September 27, 2012

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel[2] consists of: Wright, C.J.,
McCall, J., and Hill.[3]

---

[2]Eric Kalenak, Justice, resigned effective September 3, 2012. The justice position is vacant pending appointment of a successor by the governor or until the next general election.

[3]John G. Hill, Former Chief Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

8