Opinion filed September
27, 2012

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00316-CR 

                                                    __________

 

                                     FOARD
LANSANA, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                                   On
Appeal from the 85th District Court

                                                           Brazos
County, Texas

                                           Trial Court
Cause No. 07-06415-CRF-85 

 



 

                                            M
E M O R A N D U M   O P I N I O N

            The
jury convicted Foard Lansana of two counts of online solicitation of a minor
under fourteen years of age.  The jury assessed appellant’s punishment for Count
One at confinement for ten years and for Count Two at confinement for two
years.  Pursuant to the jury’s recommendation, the trial court suspended the
imposition of the sentence for Count One and ordered that appellant be placed
on community supervision for ten years.  The trial court sentenced appellant to
confinement for two years for Count Two and ordered that the sentence for Count
One run consecutively to the sentence for Count Two.  The trial court entered a
separate judgment on each count.[1] 
We modify and affirm.

Issues
on Appeal

            Appellant
does not challenge the sufficiency of the evidence to support his conviction.  Appellant
presents two issues for review.  In his first issue, appellant contends that
the trial court erred by denying his motion for continuance.  In his second
issue, appellant contends that the trial court erred by denying his requested
jury instruction on spoliation of evidence.

Background
Facts

            In
an effort to combat online sexual predators, Detective Travis Hines of the
Bryan Police Department created a Yahoo profile in which he portrayed himself
as a thirteen-year-old girl from Bryan.  He identified himself as
“bryan_blonde9” in his profile, and he went by the name “Brandi” on the
internet.  Detective Hines entered a Yahoo chat room and then waited for
someone to initiate a conversation with him. Appellant used the screen name
“romantic_guy20002000” on his laptop computer.  Using that screen name,
appellant initiated a conversation with Detective Hines.  Detective Hines
informed appellant that “Brandi” lived in Bryan.

            Appellant
and Detective Hines became “friends” in the Yahoo chat room.  Once they became
friends, “romantic_guy20002000” was identified as “Foard Lansana” to Detective
Hines, and “bryan_blonde9” was identified as “Brandi Pickens” to appellant.  Appellant
and Detective Hines engaged in online chats on September 4, 2007; September 7,
2007; October 5, 2007; and November 2, 2007.  Appellant requested photographs
of “Brandi,” and in response, Detective Hines submitted photographs of a young
girl to appellant in the Yahoo chat room.  Likewise, appellant also provided
photographs of himself to Detective Hines.  The chats between appellant and
“Brandi” quickly turned sexual in nature.  Appellant wanted to meet “Brandi” and
have sex with her.

            Appellant
was a medical technician in the United States Army.  Appellant was in San
Antonio when he engaged in the September 2007 and October 2007 chats with
Detective Hines. He was stationed at Fort Riley, Kansas, when the November 2007
chat occurred.  Ultimately, Detective Hines obtained a search warrant for
appellant’s computer.  Appellant’s computer was seized from him at Fort Riley. 
Later, Detective Travis Lively of the Texas A&M University Police
Department performed a forensic analysis of appellant’s computer.  Using
software, Detective Lively copied the contents of the hard drive of appellant’s
laptop computer and stored the copied information on his forensic computer. 
Detective Lively then recorded the copied information onto DVD disks.  Detective
Lively testified that the disks contained a “complete, true, and accurate copy
of the original hard drive.”  The data copied from appellant’s hard drive
confirmed that appellant had used the screen name “romantic_guy20002000,” that
appellant had engaged in chats with “bryan_blonde9,” and that appellant had
researched travel to Bryan.

            In
December 2009, the State provided disks containing a copy of the contents of
appellant’s hard drive to appellant’s counsel.  The case was set for trial for
August 16, 2010.  On August 13, 2010, appellant’s counsel told the prosecutor
that he wanted to inspect appellant’s laptop computer.  The prosecutor informed
appellant’s counsel that the computer was unavailable for inspection because
the State had disposed of it.

            The
parties selected a jury on August 16, 2010, and the jury was sworn.  Appellant
presented a motion for continuance to the trial court on August 17, 2010, and
the trial court held a hearing on the motion.  Appellant’s motion was based on
the fact that the State had disposed of appellant’s laptop computer.  At the
hearing, appellant’s counsel stated that he had wanted to use appellant’s
computer to demonstrate things to the jury.  Appellant’s counsel told the trial
court that, since learning that the State had disposed of the computer, he had
attempted to obtain a computer expert to determine whether appellant’s computer
could be accurately recreated from the copied data.  Appellant’s counsel stated
that “[a] continuance would allow [him] the time to secure an expert to answer
[the State’s] claim that this computer can be accurately recreated on another
computer” and, if so, “to [recreate it] and then examine that computer to
determine if it is useful in our defense.”

            The
trial court questioned appellant’s counsel as to how much time he needed to
obtain a computer expert.  Appellant’s counsel was unable to estimate the
amount of time that might be required.  The trial court stated that “[i]t was
impractical to grant a continuance and retain the same jury because you cannot
give me a length of period -- a time that it’s going to take to obtain an
expert and analyze what you have concerns about.”  The trial court then denied appellant’s
motion for continuance.

            Appellant
requested a jury instruction on spoliation of evidence.  Appellant asserted
that he was entitled to a spoliation instruction because the State had sold his
computer and because the State had failed to preserve as evidence certain off-line
chats between Detective Hines and him.  The trial court denied appellant’s
requested instruction.

Denial
of Motion for Continuance

            In
his first issue, appellant contends that the trial court erred by denying his
motion for continuance.  Appellant asserts in his brief that the trial court’s
denial of his motion prevented him from securing an expert witness to determine
whether “the information copied from the hard drive by the [S]tate would be
sufficient to present a defense in front of the jury or [to] demonstrate the
actual operation of the original laptop in the condition it was in at the time
of the offense.”  Appellant contends that the denial of the motion harmed him
because it denied him the ability to prepare an effective defense.

            Appellant
states in his brief that he filed his motion for continuance on August 16,
2010, before the jury was selected.  However, the record shows that appellant’s
counsel did not sign the sworn verification to the motion, which appears on
page 3 of the motion, until August 17, 2010.  Additionally, the certificate of
service indicates that appellant’s counsel served the prosecutor with the
motion on August 17, 2010.  The motion was not filed by the clerk’s office
until August 25, 2010.  As stated above, the trial court heard the motion
on August 17, 2010.  Thus, the record establishes that the motion was filed and
heard after the trial began.  Our ruling in this case does not depend on the
fact that appellant waited until after trial began to present his motion for
continuance.  However, the timing of the motion shows a lack of diligence in
pursuing it.

            A
trial court may grant a continuance even after trial has begun “when it is made
to appear to the satisfaction of the court that by some unexpected occurrence
since the trial began, which no reasonable diligence could have anticipated,
the applicant is so taken by surprise that a fair trial cannot be had.”  Tex. Code Crim. Proc. Ann. art. 29.13 (West 2006).  We review
a trial court’s ruling on a motion for continuance under an abuse of discretion
standard.  Gallo v. State, 239 S.W.3d 757, 764 (Tex. Crim. App. 2007); Janecka
v. State, 937 S.W.2d 456, 468 (Tex. Crim. App. 1996).  To establish an
abuse of discretion, an appellant must show that the trial court erred by
denying his motion for continuance and that he was harmed by the denial of a
continuance.  Gonzales v. State, 304 S.W.3d 838, 843 (Tex. Crim. App.
2010); Janecka, 937 S.W.2d at 468.  To satisfy the harm requirement, an
appellant must show that the trial court’s ruling actually prejudiced his
defense.  Janecka, 937 S.W.2d at 468; Heiselbetz v. State, 906
S.W.2d 500, 511–12 (Tex. Crim. App. 1995).

Ordinarily,
a defendant can make a showing of harm only at a hearing on a motion for new
trial because only then will he be able to produce evidence showing what
additional information, evidence, or witnesses he would have had available if
the trial court had granted a continuance.  Gonzales, 304 S.W.3d at 842–43;
Nwosoucha v. State, 325 S.W.3d 816, 825–26 (Tex. App.—Houston [14th
Dist.] 2010, pet. ref’d).  Speculation about the evidence that a defendant might
have developed had the trial court granted a continuance is not sufficient to
demonstrate harm.  Renteria v. State, 206 S.W.3d 689, 702 (Tex. Crim.
App. 2006).

Appellant’s
argument at the hearing on his motion for continuance was based on speculation
that his computer could not be accurately recreated.  In this case, appellant
did not file a motion for new trial; therefore, he did not present any evidence
supporting the assertion that his computer could not be accurately recreated or
showing how the trial court’s denial of a continuance prejudiced his defense. 
On the record before us, appellant has not shown that the trial court erred by
denying his motion for continuance or that he was harmed by the denial of the
motion.  Therefore, we conclude that the trial court did not abuse its
discretion by denying appellant’s motion for continuance.  Appellant’s first
issue is overruled.

Request
for Spoliation Instruction

            In
his second issue, appellant contends that the trial court erred by denying his
request for a spoliation instruction because the State failed to preserve his
laptop computer and because the State failed to preserve off-line chats between
him and Detective Hines.  In analyzing a complaint of jury charge error, we
first determine whether error existed in the charge.  Middleton v.
State, 125 S.W.3d 450, 453 (Tex. Crim. App. 2003); Almanza v. State,
686 S.W.2d 157, 171 (Tex. Crim. App. 1985).  If error existed, we then
determine whether the error caused sufficient harm to warrant reversal.  Ngo
v. State, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005).  When a defendant
properly preserves error, reversal is required if the error caused some harm.  Barrios
v. State, 283 S.W.3d 348, 350 (Tex. Crim. App. 2009).

            Spoliation
of evidence concerns the loss or destruction of evidence.  Torres v. State,
371 S.W.3d 317, 319 (Tex. App.—Houston [1st Dist.] 2012, pet. ref’d); White
v. State, 125 S.W.3d 41, 43–44 (Tex. App.—Houston [14th Dist.] 2003, pet.
ref’d).  When the spoliation concerns potentially useful evidence, the
defendant bears the burden of establishing that the State lost or destroyed the
evidence in bad faith.  Ex parte Napper, 322 S.W.3d 202, 229 (Tex. Crim.
App. 2010); Torres, 371 S.W.3d at 319.  The duty to preserve evidence is
limited to evidence that possesses an exculpatory value that was apparent
before the evidence was destroyed.  White, 125 S.W.3d at 43.  An
appellant must affirmatively show that the lost evidence was favorable and
material to his defense.  Id. at 44.

            Military
police at Fort Riley seized appellant’s computer and other items. Detective
Hines received the seized items from the military police.  Detective Hines
testified that appellant’s computer was delivered to Detective Lively. 
Detective Hines said that Detective Lively performed a forensic analysis of the
computer and then returned the computer to him.  At that time, Detective Hines
booked the computer into evidence at the police station.  Detective Hines
intended for the computer to be maintained there during the course of the
proceedings against appellant.  However, later, Detective Hines learned that
appellant’s computer had been awarded as seized property to the police
department’s narcotics unit.  Detective Hines said that the narcotics unit could
not use the computer.  Therefore, the hard drive of the computer was wiped
clean, and the computer was sold.  Detective Hines did not know when the sale
of the computer occurred.

The
evidence showed that Detective Hines took action to preserve the computer by
booking it into evidence.  The sale of the computer likely resulted from
miscommunication or mistake.  While the evidence may have supported a conclusion
that the State was negligent in selling the computer, there was no evidence suggesting
that the State acted in bad faith.  Thus, appellant has not shown that the
State destroyed or sold his computer in bad faith.  Additionally, there was no
evidence demonstrating that the State failed to preserve any data that was
stored on appellant’s hard drive when it was seized.  Detective Lively
testified that he made an accurate copy of the contents of appellant’s hard
drive.  Appellant has not shown that any evidence contained on his hard drive
was lost, much less evidence that was favorable and material to his defense. 
Finally, appellant has not demonstrated how the use of his computer at trial
could have assisted him in his defense.  For these reasons, we conclude that
the trial court did not err by refusing to include in the jury charge a
spoliation instruction relating to the disposal of appellant’s computer.

Detective
Hines did not preserve off-line chats that he sent to appellant.  An off-line
chat occurs when a person sends a message to another person who is off-line.  Detective
Hines explained that he was unable to save to his computer the off-line chats he
sent to appellant.  However, Detective Hines indicated that he wished he had
been able to save them.  He said that the information he provided to appellant
in the off-line chats was consistent with the information he provided to
appellant in the online chats that were introduced into evidence.

The
record does not contain any evidence that the State lost or destroyed Detective
Hines’s off-line chats to appellant in bad faith.  Appellant has not met his
burden of showing that the State lost or destroyed the off-line chats in bad
faith.  Nor has appellant shown that any of Detective Hines’s off-line chats to
him was favorable and material to his defense.  We conclude that the trial
court did not err by refusing to include in the jury charge a spoliation
instruction relating to the State’s failure to preserve Detective Hines’s off-line
chats to appellant.

            Based
on the evidence, appellant was not entitled to an instruction on spoliation. 
Therefore, the trial court did not err by refusing to submit appellant’s
requested spoliation instruction to the jury.  Appellant’s second issue is
overruled.

Modification
of Trial Court’s Judgments

This
court has the authority to modify incorrect judgments when the necessary
information is available to do so.  See Tex. R. App. P. 43.2(b); Bigley v. State, 865 S.W.2d
26, 27–28 (Tex. Crim. App. 1993); Smith v. State, 176 S.W.3d 907, 920
(Tex. App.—Dallas 2005, pet. ref’d).  The record shows that the trial court
imposed the two-year sentence for Count Two on August 20, 2010.  The State
points out that the judgment in Count Two incorrectly reflects that the
judgment was entered, the sentence was imposed, and the sentence was to
commence on September 28, 2010, instead of August 20, 2010.  We agree.  Therefore,
we modify the judgment in Count Two to state as follows: “Date Judgment
Entered: 8/20/2010”; “Date Sentence Imposed: 8/20/2010”; “Date Sentence to
Commence: 8/20/2010.”

On
September 28, 2010, the trial court sentenced appellant for Count One to
confinement for ten years but suspended imposition of the sentence and placed
appellant on community supervision for ten years.  The trial court orally
ordered appellant’s sentence in Count One to run consecutively to appellant’s
two-year sentence in Count Two.  However, the trial court’s written judgments
in both counts incorrectly state that “THIS SENTENCE SHALL RUN CONCURRENLTY.”  The
State requests that we modify the judgment in Count One to reflect that
appellant’s sentence in Count One is to run consecutively to his sentence in
Count Two. When there is a variation between the oral pronouncement of a
sentence and the written judgment memorializing the sentence, the oral
pronouncement controls.  Coffey v. State, 979 S.W.2d 326, 328 (Tex.
Crim. App. 1998).  Accordingly, we modify the trial court’s judgment in Count
One to state as follows: “THIS SENTENCE SHALL RUN CONSECUTIVELY TO THE SENTENCE
IN CASE NO. 07-06415-CRF-85, COUNT TWO.”  We modify the judgment in Count Two
to state as follows: “THE SENTENCE IN CASE NO. 07-06415-CRF-85, COUNT ONE,
SHALL RUN CONSECUTIVELY TO THE SENTENCE IN THIS CASE.”

This
Court’s Ruling

            As modified, the
judgments of the trial court are affirmed.

 

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

September 27,
2012

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[2]
consists of: Wright, C.J.,

McCall, J., and Hill.[3]









[1]The judgments incorrectly state that appellant’s
sentence for Count One is to run concurrently with his sentence for Count Two. 
Below, we modify the judgments to reflect that appellant’s sentence for Count
One is to run consecutively to his sentence for Count Two.





[2]Eric Kalenak, Justice, resigned effective September 3,
2012.  The justice position is vacant pending appointment of a successor by the
governor or until the next general election.

 





[3]John G. Hill, Former Chief Justice, Court of Appeals,
2nd District of Texas at Fort Worth, sitting by assignment.